607 So.2d 955 (1992)
Kelly MISTICH
v.
CORDIS MANUFACTURING CO., et al.
No. 91-CA-2660.
Court of Appeal of Louisiana, Fourth Circuit.
October 29, 1992.
James E. Shields, Gretna, for plaintiff-appellant.
Charles W. Schmidt, III, James E. Paxton, Christovich & Kearney, New Orleans, for defendants-appellees.
Before SCHOTT, C.J., and LOBRANO and JONES, JJ.
*956 SCHOTT, Chief Judge.
This is a suit for damages resulting from the implantation of a allegedly defective pacemaker in plaintiff's body. Defendant is the manufacturer of the pacemaker. The trial court dismissed the suit on the basis of prescription. Plaintiff has appealed claiming defendant's conduct prevented her from bringing a timely suit.
In September 1980, the pacemaker was implanted. Plaintiff was eleven years of age. At this time plaintiff and her parents were told and believed that this pacemaker would last for her lifetime. In 1983 she had trouble with the pacemaker and the doctors told plaintiff and her parents the pacemaker was not getting sufficient power because the batteries had run down. The pacemaker was removed and a new one was implanted. In October 1988 plaintiff's mother saw an article in the newspaper reporting that defendant was selling pacemakers between 1980 and 1985 which proved to be defective because of corrosion-prone batteries. Plaintiff filed the present suit in December 1988.
Plaintiff's claim is subject to the liberative prescription of one year. LSA-C.C. art. 3492. As a general rule prescription begins to run when plaintiff has actual or constructive notice of the alleged tortious act. Castrillo v. Stimulation Technology, Inc., 393 So.2d 772, 774 (La.App. 4th Cir.1980). When there is notice enough to excite plaintiff's attention and put her on guard to prompt further inquiry, this is tantamount to knowledge or notice of everything to which inquiry might lead. This sort of knowledge or inquiry which ought to reasonably put plaintiff on notice is sufficient to start the running of prescription. Cartwright v. Chrysler Corporation, 255 La. 597, 232 So.2d 285 (1970). When plaintiff and her parents learned that the pacemaker had to be replaced in 1983 after being told just three years previously that it would last a lifetime, they had constructive notice or knowledge of its defectiveness and prescription started running.
Plaintiff contends that defendant committed fraud which prevented her from bringing her suit earlier and which triggered the doctrine of contra non valentem. She bases this argument on the facts that a newspaper article in 1988 revealed that defendant was selling defective pacemakers in 1980 and only in 1988 after extensive investigation did the federal government bring criminal charges against defendant and ultimately enter into a plea bargain with defendant for fraudulently selling defective pacemakers.
By the time these events occurred in 1988 plaintiff's suit had already prescribed. Whatever fraud may have been perpetrated by defendant did not prevent her from bringing a timely suit because she had constructive knowledge or notice of defendant's tort when she found out defendant's pacemaker which was supposed to be good for a lifetime had to be replaced just three years after it was implanted. Contra non valentem does not save plaintiff's suit from prescription because whatever defendant did with respect to its defective pacemakers did not prevent her from availing herself of her cause of action which was reasonably knowable by her in 1983.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.