U GRISBAUM, Judge.
The plaintiffs-appellants, Suzanne Frosch wife/of and Anthony E. Rihner, appeal a peremptory exception of prescription granted by the trial court in favor of the defendants-appellees, Louis L. Chevalier and the Regulatory Department, City of Kenner. We reverse and remand.

ISSUE

The single issue presented is which date triggered the running of the one-year prescriptive period.

FACTS AND PROCEDURAL HISTORY

On August 21, 1971, the plaintiffs, Suzanne Frosch wife of/and Anthony E. Rih-ner, purchased an unimproved parcel of land in Palm Vista Subdivision in Kenner, Louisiana, intending to construct their family residence. In 1978, the plaintiffs hired an engineer to design the house and to prepare the plans. | pPlaintiffs submitted the plans to defendant, Louis L. Chevalier, a contractor. The bid submitted by Chevalier, based upon the original plans, was substantially higher than plaintiffs anticipated. Therefore, Chevalier redrafted the plans to “down scale” the original design in order to come within the plaintiffs’ budget. Plaintiffs believed that Chevalier was revising the overall size and scale of the residence and was unaware that any changes were made in the foundation design or fireplace.
On July 25, 1979, Chevalier submitted the revised plans and specifications to the Regulatory Department for the City of Kenner to obtain a building permit. An engineer employed by the city reviewed the plans and specifications and issued a permit on July 31, 1979. Chevalier was awarded the contract for construction of the home. An acceptance of work was filed on June 4, 1980.
In the summer of 1981, plaintiffs first noted cracks around the corner of the slab foundation and immediately alerted Chevalier, who responded that the cracks resulted from normal settlement and need not be repaired. By the spring of 1982, the cracks progressed upward from the foundation and through the brick masonry. Again, Chevalier attributed these cracks to *431 normal settlement. By summer, the sheetrock on the interior walls showed damage and the cracks in the brick fascia grew wider and longer. Chevalier refused to accept responsibility for the cracks and plaintiffs hired another contractor to repair the sheetrock.
In March 1983, plaintiffs hired a mason to repair the leaking fireplace. The mason advised plaintiffs that the problems appeared to be more structural in nature than one of settlement.
As the cracks in the exterior brick fascia continued to increase in number and grow longer and wider, in early 1984, plaintiffs once again met with Chevalier, who refused to remedy the problems. Plaintiffs then consulted with an engineer, who determined from the face of the revised plans of the residence that |3the foundation, as designed and built, was unacceptable and not in compliance with the City Building Code in the first instance. Plaintiffs received this report from the engineer on March 29,1984.
On March 27, 1985, plaintiffs filed suit against Chevalier and the City of Kenner. The City’s first exception of prescription was denied on May 22, 1987. The trial court determined that the applicable prescriptive period was one year for delictual actions. The trial court reasoned that, although plaintiffs had waited until March of 1984 to consult an engineer, the evidence before it was insufficient to find that the delay was unreasonable given the facts and circumstances.
On May 22, 1998, the City of Kenner filed a second exception of prescription and, in the alternative, moved for summary judgment. The trial court granted the exception of prescription finding that, at least by March of 1983, when advised by a mason that the damages appeared to be structural in nature, “the plaintiffs had the requisite notice to excite their attention and put them on guard to prompt further inquiry and start the running of prescription.”
The plaintiffs now appeal from this judgment.

LAW AND ANALYSIS

The sole issue for us to determine is which date starts the running of prescription as to the City of Kenner. The appellants allege that the City of Kenner, through its Regulatory Department, was negligent in approving the plans and specifications for their residence and subsequently issuing a building permit based on the plans. We agree with the trial court that a one-year prescriptive period applies. “Delictual actions are subject to a libera-tive prescription of one year.” La. Civ. Code art. 3492.
Prescription for damage caused to immovable property “commences to run from the day the owner of the immovable acquired, or should have acquired, knowledge of the damage.” La. Civ.Code art. 3493.
|4The trial court followed the language as set forth in Mistich v. Cordis Manufacturing, Co., 607 So.2d 955 (La.App. 4th Cir.1992), which states
When there is notice enough to excite plaintiffs attention and put [plaintiff] on guard to prompt further inquiry, this is tantamount to knowledge or notice of everything to which inquiry might lead. This sort of knowledge or inquiry which ought to reasonably put plaintiff on notice is sufficient to start the running of prescription.
Id. at 956 (citing Cartwright v. Chrysler Corp., 255 La. 597, 232 So.2d 285 (1970)). Consequently, the trial court ruled that prescription should have started to run by March 1983 because, by that time, after having their fireplace repaired and after being informed by a mason that their problems could be structural in nature, “plaintiffs had the requisite notice to excite their attention and put them on guard to prompt further inquiry and start the running of prescription.”
However, the trial court failed to consider that the Louisiana Supreme Court *432 found that this language, as cited in Cart-wvight, supra, is an incomplete definition of the kind of notice that will start the running of prescription. Jordan v. Employee Transfer Corp., 509 So.2d 420 (La.1987). Rather, in Jordan the Louisiana Supreme Court stated that:
Prescription will not begin to run at the earliest possible indication that a plaintiff may have suffered some wrong. Prescription should not be used to force a person who believes he may have been damaged in some way to rush to file suit against all parties who might have caused that damage. On the other hand, a plaintiff will be responsible to seek out those whom he believes may be responsible for a specific injury.
When prescription begins to run depends on the reasonableness of a plaintiffs action or inaction.
Id. at 423.
Here, the appellants knew there was damage to the house when the cracks in the foundation started to appear in 1981. When appellants raised their concerns to Chevalier, their contractor, they were reassured that the problems |Bwere due to normal settlement. The appellants continued to contact Chevalier as the damage worsened, and each time Chevalier responded that the cracks were normal and that he was not responsible. Although appellants may have been informed by the mason, who repaired the fireplace in March 1983, that the damage may be structural in nature, we find that it was reasonable for appellants to believe that the damages resulted solely from the failure of their contractor to construct the home in a good and workmanlike manner. The appellants could not have known that' the problems with the house were in any way attributable to the negligence of the City of Kenner until they received the report of the engineer hired to determine the cause of the damages to the residence.
Only after the appellants received the engineer’s report on March 29, 1984 were they aware that the revised plans and specifications were not in compliance with the Building Code and, therefore, should not have been approved by the City of Kenner. This report, for the first time, advised the appellants that the foundation of their residence did not comply with the City of Kenner’s pile loading requirements and that this noncompliance was the cause in fact of the problems with their residence. However, this action was filed within one year from the date the appellants first became aware of the acts or omissions of the City of Kenner.
We conclude that prescription begins to run on the date the appellants received the engineer’s report, which is March 29, 1984. Ergo, we find that the petition filed against the City of Kenner on March 27, 1985, was timely.
For the reasons as stated above, the trial court’s judgment sustaining the appel-lees’ exception of prescription is reversed, and the case is remanded to the trial court for a decision on the merits. All costs of this appeal are to be assessed against the appellees.

REVERSED AND REMANDED.