JjDAVID S. GORBATY, Judge.
Anne L. Farmer appeals a judgment maintaining an Exception of No Cause of Action filed on behalf of Marriott International, Inc. (Marriott), Ms. Farmer’s former employer. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY:
Anne L. Farmer allegedly sustained a work-related injury on 1/26/96. The trial court denied her claim for workers’ compensation benefits on June 18, 1998. This Court affirmed the judgment of the trial court, and the Supreme Court unanimously denied her writ. Farmer v. Marriott International, Inc., 98-2121 (La.App. 4 Cir. 5/26/99), 739 So.2d 1027, writ denied 99-1868 (La.10/8/99), 751 So.2d 220.
On 10/26/2000, Ms. Farmer filed in the trial court a Petition to Nullify Judgment and Award Benefits. In her pro se petition, Ms. Farmer alleged that her sister, an attorney, and the attorney for Marriott *91 conspired against her, and either fabricated or illegally obtained evidence used against her at the first trial. She also made allegations that witnesses were allowed to remain in the courtroom over her | {¡counsel's objection, that illegally procured evidence was used against her at trial, and that Marriott had “promised” to have its insurer pay her compensation benefits. Although not specifically stated, the wording of her petition indicates that Ms. Farmer claims the final judgment against her was obtained by fraud or ill practices pursuant to La.Code Civ. Proc. art. 2004. In response to the petition, Marriott filed Exceptions of Prescription and No Cause of Action. A hearing was held on 9/19/2000.
According to the transcript of the hearing, a pre-trial conference was held immediately prior to the hearing. Ms. Farmer was present for the pre-trial conference, but apparently absented herself from the building shortly thereafter. The court’s bailiff attempted to locate Ms. Farmer pri- or to the hearing, but was unsuccessful. Because the trial court was unaware of any reasonable explanation for Ms. Farmer’s absence, it proceeded with the hearing.
After hearing argument by counsel for Marriott, the trial court rendered judgment granting Marriott’s Exception of No Cause of Action, and dismissing Ms. Farmer’s petition, with prejudice.
This appeal followed.
DISCUSSION:
Dismissal of a claim is justified only when the allegations of the petition itself clearly show that the plaintiff does not state a cause of action, or when the allegations show the existence of an affirmative defense that appears clearly on the face of the pleadings. City of New Orleans v. Bd. of Com’rs of Orleans Levee District, 93-0690 (La.7/5/94), 640 So.2d 237. A court appropriately maintains the peremptory exception of no cause of action only when, conceding the correctness of the well-pleaded facts, the plaintiff has not stated a claim for which he can receive legal remedy under the applicable substantive law. City of New Orleans v. Bd. of Directors of Louisiana State Museum, 98-1170 (La.3/2/99), 739 So.2d 748. In reviewing a trial court’s ruling on the exception, the appellate court should conduct a de novo review. City of New Orleans v. Bd. of Com’rs of Orleans Levee Dist., supra.
Louisiana Code of Civil Procedure art. 2001 provides “[t]he nullity of a final judgment may be demanded for vices of either form or substance, as provided in Articles 2002 through 2006.” Ms. Farmer’s petition does not contain any allegations that the previous judgment rendered contained vices of form. La.Code Civ. Proc. art. 2002. Nor does it contain allegations to render La.Code Civ. Proc. art. 2003 applicable. However, as previously stated, one can glean from the language of Ms. Farmer’s petition for nullity that she claims the earlier judgment rendered against her contained vices of substance, particularly, that it was obtained by fraud or ill practices. Accordingly, we conclude that Ms. Farmer desires that the judgment be annulled pursuant to La. Code Civ. Proc. art. 2004.
At the hearing on the exception, Marriott’s counsel addressed each allegation of Ms. Farmer’s petition, illustrating for the court the baseless nature of the allegation. Moreover, he argued that the allegations of Ms. Farmer’s petition referred to occurrences at the trial of her compensation claim, and, thus were of Lrecord in the prior appeal. Thus, he argued, La.Code Civ. Proc. art. 2005 precluded annulment of the prior judgment.
*92 Louisiana Code of Civil Procedure art. 2005 provides in part:
A judgment affirmed, reversed, amended, or otherwise rendered by an appellate court may be annulled only when the ground for nullity did not appear in the record of appeal or was not considered by the appellate court.
Our review of the petition indicates that several of Ms. Farmer’s allegations of ill practices involve alleged conspiratorial activities between Ms. Farmer’s attorney sister and counsel for Marriott. Specifically, Ms. Farmer alleges that her sister provided counsel for Marriott with various documents protected by attorney/client privilege. It is conceivable that Ms. Farmer did not become aware of this activity until after trial, and, therefore, the issue was not raised at the first trial or in the first appeal. However, counsel for Marriott explained at the hearing that none of the information to which Ms. Farmer referred was introduced at trial. Accordingly, he argued that regardless of whether a conspiracy existed, which he denied, the evidence to which Ms. Farmer refers did not influence the trial court’s judgment.
The instant record does not contain the transcript from the previous appeal. Accordingly, we are unable to determine whether the evidence to which Ms. Farmer refers was introduced. Where factual issues are being disputed, and the appellate record does not contain the necessary evidence for review, there is nothing for appellate review. Succession of Walker, 288 So.2d 328 (La.1974); Southern Tire Services, Inc. v. Virtual Point Development, L.L.C., 2000-2301 (La.App. 4 Cir. 9/26/01), 798 So.2d 303.
Accordingly, we find that La.Code Civ. Proc. art. 2005 precludes Ms. Farmer from seeking annulment of the June 18, 1998, judgment. The judgment of the trial court maintaining Marriott’s Exception of No Cause of Action is affirmed.
AFFIRMED.