824 So.2d 490 (2002)
Calvin BELL
v.
DEMAX MANAGEMENT INC., Thibaut HG Corporation, Thibaut Properties C Corp, Central Village Apartments and Maple Leaf Apartments.
No. 2001 CA 0692.
Court of Appeal of Louisiana, Fourth Circuit.
July 24, 2002.
*491 Jeffery A. Favors, Duluth, GA, for Plaintiff/Appellant.
E. Ross Buckley, Jr., Kingsmill Riess, L.L.C., New Orleans, LA, for Maple Leaf Apartments.
John E. Unsworth, Jr., Alayne R. Corcoran, Hailey, McNamara, Hall, Larmann & Papale, L.L.P., Metairie, LA, for Demax Management, Inc., Thibaut HG Corp., Thibaut Properties C. Corp. and Central Village Apartments.
(Court composed of Judge CHARLES R. JONES, Judge PATRICIA RIVET MURRAY, Judge and MAX N. TOBIAS, JR.).
MAX N. TOBIAS, JR., Judge.
The Louisiana Supreme Court remanded this case to us to decide on the merits after finding we erred in holding that the defendants' motion for new trial was not timely filed. For the reasons set forth below, we affirm the trial court's judgment granting the defendants' exception of prescription and dismiss the matter with prejudice.
We incorporate the following facts from our original opinion:
In 1990, Mr. Bell began working for the defendants, Demax Management, Inc., Thibaut HG Corporation, Thibaut Properties C Corporation, Central Village Apartments, and Maple Leaf Apartments, as an independent contractor. He alleges that the defendants informed him that he was required to carry workers' compensation insurance, but he could not acquire a policy for himself. As a consequence, the plaintiff entered an oral agreement with the defendants whereby up to 20% of the moneys due him would be deducted for workers' compensation insurance.
On 7 August 1996, Mr. Bell was injured while on the job. Approximately five months later, he began receiving compensation benefits. Mr. Bell also filed a tort suit against the defendants in Civil District Court for the Parish of Orleans. In response to the lawsuit, the defendants filed a motion for summary judgment contending that the tort suit was barred because the plaintiff was their employee. The trial court denied the motion. That lawsuit had not been resolved at the time of the instant appeal.
The instant lawsuit was filed on 10 May 2000. In it, the plaintiff alleges that the defendants engaged in fraud and conversion of his funds. He alleges that he first learned that the defendants *492 had not purchased a separate workers' compensation policy for him, but instead had been paying him benefits under their own workers' compensation policy, in the process of defending against the summary judgment. In addition, Mr. Bell alleges that, when he received a copy of the policy, he learned that the premium was only three thousand dollars a year; he was paying between nine and twelve thousand dollars a year for coverage.
On 21 July 2000, a default was entered, and the default was confirmed by judgment against the defendants, Demax Management, Inc., Thibaut HG Corporation, Thibaut Properties C Corporation, and Central Village Apartments, on 26 July 2000.[1] On 11 August 2000, the defendants filed a motion to annul the judgment and/or for new trial. The motion for new trial was granted by the trial court, however, the court refused to consider the motion to annul. At the hearing on the motion, the trial court stated: "the court is not confident that all of that evidence was authentic and/or admissible .... [t]he judgment is out of line with, even if I took the evidence that you presented it is out of line. I'm going to grant the motion for new trial." The record does not contain a written judgment granting the new trial. On 3 November 2000, the defendants filed an exception of prescription, which was granted and the suit was dismissed. The instant appeal followed.
The only issue for our consideration is whether the trial court erred in granting the defendants' exception of prescription. The case filed by the plaintiff alleges conversion and/or fraud, both torts, which are governed by the liberative prescription of one year. La. C.C. art. 3492. The acts of conversion allegedly took place from 1990 to 1996, but suit was not filed until 2000. Consequently, the petition has prescribed on its face.
We find further support for the trial court's granting of the exception within the allegations of the petition. Therein the plaintiff contends:
On August 7, 1996 Mr. Bell was working at Maple Leaf apartments and was injured and needed medical treatment and workers [sic] compensation benefit payments. However, when he requested to know the name of the Workers [sic] Compensation Insurance that the defendants had taken workers [sic] comp [sic] insurance out for him they were not able to tell him. After a five months [sic] period in which Mr. Bell receive [sic] no benefits Maple Leaf apartment finally provided a Workers [sic] Compensation Insurance Carrier for Mr. Bell. Louisiana Workers [sic] Compensation Corporation (LWCC) begin [sic] paying Mr. Bell workers [sic] comp benefits under Maple Leaf's Employee Workers [sic] Compensation Insurance Policy.
Thus, Mr. Bell should have known, or had his interest aroused to cause a reasonable person to question, in 1996 that the defendants had not purchased a workers' compensation policy for him, but instead his payments were being made by the LWCC under Maple Leaf's workers' compensation policy. Therefore, in 1996, the plaintiff had constructive knowledge that a separate policy was not purchased for him.
In reviewing the record, we also find that the plaintiff obtained actual *493 knowledge of the fact that the defendants had not purchased a workers' compensation policy for him in September 1998, in connection with his personal injury suit against the defendants in a separate cause of action. At that time, Mr. Bell's attorney for the personal injury suit took the deposition of Vicki Machen, who was then employed as a bookkeeper/accountant by MINTAR, the organization that handled the paperwork and accounting for the various Maple Leaf properties. Ms. Machen was responsible for preparing Mr. Bell's paycheck and making the required deduction for his workers' compensation premiums. She testified that the plaintiff was never a named insured in the LWCC policy from which he was then receiving benefits.
While Mr. Bell was not present at the deposition, his attorney learned this information. The relationship between attorney and client is one of principal and agent. Sondes v. Sears, Roebuck and Co., 501 So.2d 829 (La.App. 4 Cir.1986). "It is a well settled principle that knowledge possessed by the agent is imputed to the principal even if the agent neglected to specifically convey those facts to the principal." Bank of Louisiana v. Argonaut Ins. Co., 248 So.2d 349, 352 (La.App. 4 Cir.1971). See also, Regional Transit Authority v. Levey, 595 So.2d 1255 (La.App. 4 Cir.1992). Thus, Mr. Bell had actual knowledge in September 1998 that neither had a separate workers' compensation policy been purchased in his name, nor had he been listed as a named insured on the Maple Leaf policy.
Prescription begins to run when the plaintiff has actual or constructive knowledge of the alleged tortuous act. Mistich v. Cordis Mfg. Co., 607 So.2d 955 (La.App. 4 Cir.1992). Constructive notice is found at the point at which a plaintiff has sufficient information to excite attention sufficient to prompt further inquiry and includes knowledge or notice of everything to which that inquiry might lead. Id. Therefore, prescription began to run at the very latest in September 1998, when the plaintiff learned through his attorney that a workers' compensation policy was never purchased in his own name. If the plaintiff had made a reasonable inquiry even at that time, he would have learned of the discrepancy between what the LWCC policy cost per year and what was being deducted from his wages. If, in fact, conversion had taken place, suit could have been timely filed.
Finally, the plaintiff argues that somehow prescription was interrupted by the payment of workers' compensation benefits by the defendants. We also reject this argument. The fact that workers' compensation payments are made following an accident would only interrupt prescription as to a later suit to collect additional workers' compensation benefits. See La. R.S. 23:1209. Here, the plaintiff is asserting a separate cause of action for conversion of money, which could not have been brought in the workers' compensation court because that court has no jurisdiction over the subject matter of such claims. La. Const. Art. V, § 16. Consequently, the payment of benefits does not affect the timeliness of the instant action and any assertions to the contrary are an ipse dixit.
For the reasons set forth above, we affirm the trial court and dismiss the action against the defendants with prejudice. The plaintiff shall bear all costs of this appeal.
AFFIRMED.
NOTES
[1] Defendant, Maple Leaf Apartments, filed an extension of time in which to file an answer. As a consequence, the plaintiff did not seek and, therefore, did not obtain, a default or judgment against it.