ROLAND L. BELSOME, Judge.
| Appellants, Ronald and Eloyease Lyb-rand (“the Lybrands”), appeal the trial court’s award of attorney’s fees to Appel-lee, Patrick Breeden (“Mr.Breeden”), for work he performed in defending the Lyb-rands’ property from foreclosure. Mr. Breeden cross-appeals the trial court’s failure to award attorney’s fees on his open account litigation.
STATEMENT OF THE CASE
Mr. Breeden filed suit to recover attorney’s fees that he claimed the Lybrands owed him for legal work done in defending the Lybrands’ property from foreclosure. The Lybrands claimed that they never hired Mr. Breeden to work for them, either directly or through a mandatary.
This dispute centers on a piece of property located at 4700 Transcontinental Boulevard in Metairie, Louisiana. The Lyb-rands owned the property until July 22, 1986, when they sold it to TCB, Inc. (“TCB”), a Louisiana Corporation formed earlier that year. TCB’s president was Rhonda Lybrand-Bressler, the Lybrand’s daughter, who co-owned all of TCB’s stock with her sister.
|aIn 1993, a Petition for Executory Process was initiated by Mortgage Properties Corporation against TCB, Inc. At that time, Steve Bressler (“Mr. Bressler”) was the husband of Rhonda Lybrand Bressler. He was also an attorney who performed legal work for TCB. Mr. Bressler contacted and hired Mr. Breeden to assist TCB in defending Mortgage Properties Corporation v. TCB, Inc., a matter pending before the 24th Judicial District Court in Jefferson Parish. Shortly after Mr. Breeden undertook the case, TCB sold the property in question back to the Lybrands.
The district court had a trial on the merits and after hearing evidence and considering the law, ruled in favor of Mr. Breeden, agreeing that the Lybrands owed Mr. Breeden his fee for work done on their behalf.
*454 Both Mr. Breeden and the Lybrands appeal the trial court’s judgment. The Lybrands submit that the trial court erred in finding that the Lybrands are liable for any of the attorney’s fees due to Mr. Bree-den for his representation and defense of the lawsuit entitled Mortgage Properties Corporation v. TCB, Inc., in the 24th Judicial District Court. Mr. Breeden argues that the trial court erred in failing to address whether the Lybrands owe an additional fee under the open account law.
It is well settled that a Court of Appeal may not set aside a trial court’s finding of fact in the absence of manifest error or unless it is clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989); Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880, 883 (La.1993). When there is a conflict in the testimony, reasonable inferences of facts should not be disturbed upon review even though the Appellate Court may feel that its own evaluation and inferences are as reasonable. When findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands hgreat deference to the trier of fact’s findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said. Rosell, supra; Becker v. Tampira, 2004-0200 (La.App. 4 Cir. 4/13/05); 901 So.2d 1157, 1166.
LAW AND ANALYSIS
The trial court found that the Lybrands employed Mr. Breeden as an attorney to help defend a foreclosure action against the Lybrands’ property. Courts have recognized the long-standing principle that a lawyer cannot recover a fee from one who neither employed him nor authorized another to do so. Kirkpatrick v. Young, 456 So.2d 622, 625 (La. 1984); McGraw v. Andrus, 13 So. 630 (La.1893). Therefore, in order for a defendant to be liable for attorney’s fees, he must have either hired the attorney personally, or authorized someone to hire the attorney on his behalf.
The First Circuit wrote an excellent summary of agency law in Barrilleaux v. Franklin Foundation Hospital, 96-0343, pp. 6-7 (La.App. 1 Cir. 11/8/96); 683 So.2d 348, 353-54. This analysis was also adopted by the Third Circuit in Cartinez v. Reliable Amusement Co., 99-0333 (La.App. 3 Cir. 11/3/99); 746 So.2d 246.
An agent is one who acts for or in the place of another by authority from the latter. An agency relationship may be created by express appointment of a mandatary under LSA-C.C. art. 2985 or by implied appointment arising from apparent authority. Therefore, an agent’s authority is composed of his actual authority, express or implied, together with the apparent authority which the principal has vested in him by his conduct. As between principal and agent, the limit of an agent’s authority to bind the principal is governed by the agent’s actual authority. However, as between principals and third parties, the limit of an agent’s authority to bind the principal is governed by the agent’s apparent authority. Barrilleaux, pp. 6-7; at 353-54 (internal citations and quotations omitted; emphasis added).
|4Mr. Breeden admitted that there was no written contract between him and the Lybrands, although he maintained that there was an oral agreement. The evidence presented at trial showed that Mr. Breeden and the Lybrands frequently discussed the litigation, before and after the Lybrands had been joined as defendants and had re-acquired the property.
*455 The following timeline helps to clarify how the events unfolded in this case.
• January, 1994: Mr. Bressler contacted Mr. Breeden for the purpose of assisting him in saving TCB’s property that was being seized by Executory Process.
• February, 1994: the property was sold back to the Lybrands after Mr. Lyb-rand took bankruptcy to wipe out all other debts.
• August, 1994: the Lybrands field a motion to be added as defendants in the TCB case on which Mr. Breeden was working.
• From January 10, 1994, until July 28, 1996, the Lybrands paid Mr. Breeden in excess of $8,000.00 in sixteen separate checks from their joint checking account.
• February, 1997: In a motion to dismiss an appeal filed by the 5th Circuit Clerk’s office, Mr. Breeden is listed as the counsel of record for appellants “TCB, Inc., Ronald Lybrand and Eloy-ease Lybrand.”
• Mr. Breeden continued to represent the Lybrands through appellate matters all the way through 1997, and on February 20, 1998, the Louisiana Supreme Court dismissed the writ of cer-tiorari of Ronald Lybrand and Eloy-ease Lybrand.
| ^Apparent agency also exists if the principal has the right to control the conduct of the agent and the agent has the authority to bind the principal. Barrilleaux, 96-0343 at p. 7; 683 So.2d at 354. Apparent agency arises when the principal has acted so as to give an innocent third party a reasonable belief that the agent had authority to act for the principal, and the third party reasonably relies on the manifested authority of the agent. Id.
In the case at hand, Mr. Bressler contacted, Mr. Breeden to assist him in defending the property that belonged to Rhonda Lybrand Bressler’s corporation. Mr. Bressler is an attorney, and at that time was the son-in-law of the Lybrands. We find that the Lybrands had the right to control the conduct of Mr. Bressler, because they soon became the owners of the property that he was charged with defending from foreclosure.[1]
“Apparent agency is established by the words and conduct of the parties and the circumstances of the case. An agency relationship may be created even though there is no intent to do so.” Cartinez, 99-0333, at p. 7; 746 So.2d at 251. The Lybrands were named defendants in the action. They also benefited from Mr. Breeden’s resolution of the matter. Further, the Lybrands paid Mr. Breeden from their joint cheeking account. These three factors indicate that the Lyb-rands created a reasonable belief in Mr. Breeden that he was representing them, which in conjunction with Mr. Bressler’s solicitation of his employment on behalf of the Lybrands created a binding and enforceable contract based on the principles of apparent agency.
lfiIn his cross-appeal, Mr. Bree-den claims that the trial court failed to address the issue of whether he was owed attorney’s fees for bringing this action. This lawsuit was brought under the open account law, La. R.S. 9:2781. Under the open account law a plaintiff is due an additional legal fee when he has to file a lawsuit to be paid what a debtor owes. That statute provides:
*456 When any person fails to pay an open account within thirty days after the claimant sends written demand therefore correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant ... La. R.S. 9:2781(A).
The open account law requires that the defendant pay the balance of an open account within thirty days of demand, or the defendant will be forced to pay attorney’s fees if the claimant is ultimately successful. La. R.S. 9:2781. In the record of the trial there is a January 20, 1999, letter in which Mr. Breeden demands from Mr. Lybrand the outstanding fee of $11,406.41. The letter includes the following sentence: “Please let this letter serve as notice required under LSA-R.S. 9:2781.” Mr. Breeden also waited over thirty days to institute suit.
La. R.S. 9:2781(D) also states that an open account includes any account for which a part or all of the balance is past due. In the present case, $8,000.00 of the $19,406.41 due' was paid. An “open account” shall include,
any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. “Open account” shall include debts incurred for professional services, including but not limited to legal and medical services ... LSA-R.S. 9:2781(D) (emphasis added).
In the case at hand, the Lybrands received legal services.
In the case of Keaty v. Raspanti, 2003-1080 (La.App. 4 Cir. 2/4/04); 866 So.2d 1045, the court held that an attorney representing himself as plaintiff for |7collection of an open account for his attorney’s fees was entitled to recover reasonable attorney’s fees pursuant to La. R.S. 9:2781.
Here, Mr. Breeden is an attorney who has not been paid his legal fees by the Lybrands and therefore he is due additional fees for the prosecution of the case in proper person together with the fee and cost for this appeal. We find that he has satisfied the requirements of Louisiana’s Open Account Law and is entitled to reasonable attorney’s fees for prosecuting this action. Accordingly, we remand the issue of attorney’s fees under Louisiana’s open account law to the trial court.
CONCLUSION
For the reasons stated above, we affirm the trial court’s finding that an agency relationship existed between the Lybrands and Mr. Breeden, and that the Lybrands owe Mr. Breeden the outstanding balance for attorney’s fees rendered for his representation of the Lybrands. Further, we remand the case for a determination of the appropriate amount of attorney’s fees due Mr. Breeden under the open account law.
AFFIRMED IN PART; REMANDED IN PART.

. There was additional evidence presented at trial that the Lybrands had been making mortgage payments on the property even while it was owned by TCB, Inc., thus the Lybrands may have been the de facto owners of the property even before they formally reacquired the property.