SANDRA CABRINA JENKINS, Judge.
| plaintiff appeals the trial court’s November 20, 2014 judgment granting defendant’s exceptions of no cause of action and peremption, dismissing plaintiffs petition. For the reasons set forth below, the trial court’s judgment is affirmed.
FACTS AND PROCEDURAL HISTORY
Kendall Moses and defendant, Carol Moses, (collectively “the couple”) purchased 2,125 shares of stock in QUOP, Inc. (“the stock”) in May 1978. The couple’s only child, Kelsey Moses, plaintiff, was born in August 1985. The Moses Family Trust (“the Trust”), which the couple formed in May 1995, held the' stock until October 1996, at which time it was transferred to Kelsey. Carol filed for divorce in June 1999. The judgment of divorce was granted in March 2000, but the couple’s community property was not partitioned at that time.
In July 2001, Kendall filed a petition for declaratory judgment requesting that the trial court declare: (1) the stock transfer from the Trust to Kelsey a simulation, and (2) the stock an asset belonging to the former community that was now co-owned equally by the couple since their divorce. *229 Carol then filed an answer and third party-demand in March 2003, contending that Kelsey was an indispensible party to the action and requesting that the' trial court appoint an ^attorney to represent her because she was an Unemancipated minor. In response, on March 26, 2003, the trial court appointed Cindy Williams to represent Kelsey in the underlying proceedings. Kelsey turned eighteen bn August 30, 2003.
After being continued numerous times, trial was'held on the petition for declaratory judgment on March 3, 2005. Kelsey asserts that she was not present at the trial because she did not receive notice of the trial date, nor was she served. Howr ever, the .motions to set and reset were served on Ms. Williams, and she attended the trial on behalf of Kelsey. On March 18, 2005, the trial court issued judgment rendering the transfer of the stock from the Trust to Kelsey a simulation, thus declaring it null and void.
While not contained in the petition and thus not within our review, we note that according to the record, Ms. Williams filed a motion to withdraw as counsel of record on May 6, 2005, asserting that Kelsey was no longer a minor and the “issue surrounding the ownership of the QUOP stock,” the reason for her appointment, had been perfected. The trial court granted the motion on May 9, 2005. Thereafter, counsel for Kendall and Carol, along with Kelsey, in proper person, filed a joint motion to stay the execution of the declaratory judgment until the parties were able to conclude them negotiations with the Internal Revenue Service seeking a compromise of their tax liabilities. The motion was granted on May 24, 2005, thereby staying the execution of the declaratory judgment. Kendall died intestate on February 14, 2010. On December 11, 2013, Carol filed a motion to lift the stay order asserting that the tax issues had since been resolved and the stay was no longer necessary.
In May 2014, Kelsey filed the instant matter contending that the March 18, 2005 declaratory judgment should be annulled because of a vice of form pursuant | ato La. C.C.P. art. 2002. Carol subsequently filed an exception of no cause of action on the. basis that Kelsey did not set forth a valid cause of action and an exception of per-emption asserting that Kelsey’s claims are time barred pursuant to La. C.C.P. art. 2004. After a hearing, the trial court granted the exceptions on November 20, 2014, and dismissed Kelsey’s petition. It is from this judgment that Kelsey now appeals.
LAW AND ANALYSIS
In her first assignment of error, Kelsey argues the trial court erred in granting Carol’s exception of no cause of action and in dismissing her petition. Appellate courts conduct a de novo review of a trial court’s ruling granting an exception of no cause of action as the exception presents questions of law. St. Pierre v. Northrop Grumman Shipbuilding, Inc., 12-0545, p. 7 (LaApp. 4 Cir. 10/24/12), 102 So.3d 1003, 1009 (citations omitted). Therefore, our review entails deciding whether the trial court’s ruling granting the exception was legally correct. Id. (citing Peneguy v. Porteous, 01-1503, p. 6 (La.App. 4 Cir. 5/15/02), 823 So.2d 380, 384).
An exception of no cause of action questions- whether the law extends a remedy to anyone under the factual allegations of the petition. Mid-South Plumbing, LLC v. Development Consortium-Shelly Arms, L.L.C., 12-1731, p. 4 (La.App. 4 Cir. 10/23/13), 126 So.3d 732, 736 (citing Fink v. Bryant, 01-0987, p. 3 (La.11/28/01), 801 So.2d 346, 348). No evidence may be introduced to support or- *230 controvert an exception of no cause of action. La. C.C.P. art. 931. Thus, the exception is triable on the face of the petition and each well-pleaded fact contained therein must be accepted as true. Mid-South Plumbing, 12-1731, pp. 4-5, 126 So.3d at 736 (citing Fink, 01-0987, p. 4, 801 So.2d at 349).
14An exception of no cause of action should only be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. Id., 12-1731 p. 5, 126 So.3d at 736 (quoting Fink, 01-0987, p. 4, 801 So.2d at 349). Accordingly, “[e]very reasonable interpretation must be accorded the language used in the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial.” Badeaux v. Southwest Computer Bureau, Inc., 05-0612, 050719, p. 7 (La.3/17/06), 929 So.2d 1211, 1217 (citing Industrial Companies, Inc. v. Durbin, 02-0665, p. 7 (La.1/28/03), 837 So.2d 1207, 1213).
Kelsey filed this action seeking to nullify the March 18, 2005 declaratory judgment. “A final judgment shall be annulled if it is rendered ... [ajgainst a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken.” La. C.C.P. art. 2002(A)(2).
Kelsey’s petition alleges: (1) that she was appointed an attorney, Cindy Williams, on March 26, 2003 to represent her in the declaratory judgment proceedings pursuant to La. C.C.P. art. -732[1] because she was an unemancipated minor; (2) she turned eighteen on August 30, 2003; (3) the motions to set and reset |fithe declaratory judgment trial, filed in October 2003 through January 2005, were served on Ms. Williams; (4) the trial was finally held on March 3, 2005; (5) she did not personally receive notice of the trial date nor did she make an appearance at the trial; and (6) Ms. Williams was present at the declaratory judgment trial. Accordingly, Kelsey contends Ms. Williams’ appointment expired or terminated by operation of law on August 30, 2003, as she was no longer a minor and did not personally retain Ms. Williams, and as a result, the declaratory judgment is an absolute nullity for lack of proper service. Thus, the question arises: does a court-appointed attorney’s appointment pursuant to La. C.C.P. art. 732 terminate by operation of law when the minor attains the age of majority?
The relationship between an attorney and his or her client is one of principal and agent. Bell v. Demax Mgmt. Inc., 01-0692, p. 3 (La.App. 4 Cir. 7/24/02), 824 So.2d 490, 493 (citing Sondes v. Sears, Roebuck and Co., 501 So.2d 829, 831-32 (La.App. 4th Cir.1986)). “An agent is one who acts for or in the place of another by authority from the latter. An agency relationship may be created by express appointment of a mandatary under LSA-C.C. art. 2985 or by implied appointment arising from apparent authority.” Breeden v. Lybrand, 04-1340, p. 3 (La.App. 4 Cir. 2/22/06), 927 So.2d 451, 454 (quoting *231 Barrilleaux v. Franklin Foundation Hospital, 96-0343, pp. 6-7 (La.App. 1 Cir. 11/8/96), 683 So.2d 348, 353). La. C.C. art. 2985 provides that “[a] person may represent another person in legal relations as provided by law or by juridical act. This is called representation.” Thus, construing La. C.C.P. art. 732 and La. C.C. art. 2985 together, we find Ms. | (¿Williams’ representation[2] to be an express mandatary appointment.
Mandate is defined by La. C.C. art. 2989, which states that “[a] mandate is a contract by which a person, the principal, confers authority on another person, the mandatary, to transact one or more affairs for the principal.” A mandate may be terminated by the principal at any time unless the parties agree that it is irrevocable. La. C.C. art. 3025. The mandate may also be terminated by the mandatary if he “notifies the principal of his resignation or renunciation of his authority.” La. C.C. art. 3029. The mandatary must give notice of his termination “even if a mandate is given for a specified period of time.” La. C.C. art. 3029, cmt. (b).
Here, Ms. Williams acted as a manda-tary for Kelsey, the principal. Because the parties did not agree for the appointment to be irrevocable, Kelsey could have terminated the mandate at any time once she attained the age of majority, which she failed to do. Ms. Williams could have also terminated the mandate, but she continued to represent Kelsey until the proceedings were completed. Regardless of whether Kelsey did not obtain service personally, because neither party terminated the mandate, service on Ms. Williams was sufficient. See Bell, 01-0692, pp. 3-4, 824 So.2d at 493 (knowledge possessed by the mandatary/agent is imputed to the principal even if the mandatary/agent “neglected to specifically convey those facts to the principal”) (quoting Bank of Louisiana v. Argonaut Ins. Co., 248 So.2d 349, 352 (La.App. 4th Cir.1971)).
17As such, upon de novo review of the record, we find that Ms. Williams’ appointment as Kelsey’s attorney did not expire or terminate by operation of law when Kelsey turned eighteen, and thus, Kelsey’s petition does not sufficiently allege a cause of action for nullity of judgment.
Because of our disposition of the above question, the issue of whether the exception of peremption was properly granted is, therefore, pretermitted.[3]
DECREE
For the foregoing reasons, the trial court’s November 20, 2014 judgment is hereby affirmed.
AFFIRMED

. La. C.C.P. art. 732 provides, in pertinent part:
A. An unemancipated minor has no procedural capacity to be sued.
Except as otherwise provided in Article 4431, the tutor appointed by a court of this state is the proper defendant in an action to enforce an obligation against an unemanci-pated minor, when one or both of the parents are dead, the parents are divorced or judicially separated, or the minor is born outside of the marriage. If such a minor has no tutor, the action may be brought against the minor, but the court shall appoint an attorney at law to represent him.
(Emphasis added).

. As alleged in the petition, the order appointing Ms. Williams to represent Kelsey states:
IT IS FURTHER ORDERED that Cindy Williams # 1070, Attorney at Law, be and he/she is hereby appointed to represent third party defendant, Kelsey Moses, who is a minor, in these proceedings pursuant to the provisions of Louisiana Code of Civil Procedure Article 732 and to accept service on her behalf.

. We also note that while evidence in support of an exception of peremption is allowed, the record before us does not contain the transcript from the exceptions hearing. "Where factual issues are being disputed, and the appellate record does not contain the necessary evidence for review, there is nothing for appellate review.” Farmer v. Marriott International, Inc., 01-0667, pp. 4-5 (La.App. 4 Cir. 12/27/01), 806 So.2d 89, 92 (citing Succession of Walker, 288 So.2d 328 (La.1974); Southern Tire Services, Inc. v. Virtual Point Development, L.L.C., 00-2301 (La.App. 4 Cir. 9/26/01), 798 So.2d 303).