| | | |
|---|---|---|
| **DARNETTE DANIELS, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD, TAYLER MCCLENDON** | * | **NO. 2020-CA-0175** |
| | * | |
| | | **COURT OF APPEAL** |
| | * | |
| | | **FOURTH CIRCUIT** |
| **VERSUS** | * | |
| | | **STATE OF LOUISIANA** |
| **STATE OF LOUISIANA, BOARD OF ELEMENTARY AND SECONDARY EDUCATION, ORLEANS PARISH SCHOOL BOARD, NEW BEGINNINGS SCHOOLS FOUNDATION, AND TENSQUARE, LLC** | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-06895, DIVISION "G-11"
Honorable Robin M. Giarrusso, Judge
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Judge Sandra Cabrina Jenkins, Judge Regina Bartholomew-Woods, Judge Paula A. Brown)

Suzette P. Bagneris
Emile Anthony Bagneris, III
THE BAGNERIS FIRM, LLC
2714 Canal Street, Suite 403
New Orleans, LA 70119

Madro Bandaries
MADRO BANDARIES, P.L.C.
P.O. Box 56458
New Orleans, LA 70156

Steven J. Rando
LAW OFFICE OF STEVEN J. RANDO, L.L.C.
3530 Canal Street
New Orleans, LA 70119

      COUNSEL FOR PLAINTIFF/APPELLANT

Dennis J. Phayer
Mindy Nunez Duffourc
BURGLASS & TANKERSLEY, L.L.C.

**CORRECTED COVER PAGE**

5213 Airline Drive
Metairie, LA 70001-5602

Sharonda R. Williams
FISHMAN HAYGOOD, L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, LA 70170-4600

COUNSEL FOR DEFENDANT/APPELLEE

**REVERSED AND REMANDED
OCTOBER 21, 2020**

*SCJ*
*RBW*
*PAB*

This lawsuit is a putative class action brought by Darnette Daniels ("Ms. Daniels"), individually and on behalf of her minor child, Tayler McClendon ("Tayler") (collectively, "Plaintiffs"). In 2019, Tayler was a senior at John F. Kennedy High School in New Orleans ("Kennedy High"). The lawsuit alleges that in May 2019, an audit of Kennedy High's graduating seniors' eligibility revealed falsely inflated grades, and other irregularities such as incomplete transcripts, grades not awarded, credits not earned, credits not transferred from other schools, and student attendance requirements not satisfied.

Plaintiffs appeal judgments sustaining exceptions of no cause of action filed by defendants/appellees, the State of Louisiana, Board of Elementary and Secondary Education ("BESE"); and the Orleans Parish School Board ("OPSB") (collectively "Defendants"), and dismissing Plaintiffs' individual and class claims with prejudice. For the reasons that follow, we reverse the trial court judgments, and remand for further proceedings.

1

## FACTUAL AND PROCEDURAL BACKGROUND

On July 1, 2019, Plaintiffs filed a Petition for Damages ("Petition") against BESE, OPSB, New Beginnings Schools Foundation ("New Beginnings"), and Tensquare, LLC ("Tensquare"). Solely for purposes of the exceptions of no cause of action, the following factual allegations in the Petition are deemed to be true. *Vagelos v. Abramson*, 12-1235, p. 17 (La. App. 4 Cir. 10/2/13), 126 So.3d 639, 649.

BESE is the administrative body for all public and secondary schools in the State of Louisiana. OPSB is a political subdivision of the State which oversees the charter of Kennedy High. New Beginnings is the charter network that operates Kennedy High. Tensquare is the consulting company hired by New Beginnings to manage the charter network.

According to the Petition, Tayler transferred from Slidell High to Kennedy High in her junior year in reliance on representations that she could graduate a year early by taking summer classes online. The Petition alleges that Tayler later learned that none of the credits that she completed online would be recognized because they were not performed in the presence of a certified teacher. The Petition alleges that Tayler was told that she would have to attend summer school and return to Kennedy High in August to complete her senior year.

The Petition describes the putative class as "[a]ny and all parents of seniors and seniors of the John F. Kennedy Class of 2019, who claim to have suffered economic losses, emotional distress, loss of opportunity, loss of quality of life, and other damages, as a direct and proximate result of the negligent and/or intentional acts of Defendants."

On August 27, 2019, Plaintiffs filed a First Amended and Supplemental Petition ("Amended Petition"), in which they added 17 putative class members, and broke down the class definition into sub-classes. The Amended Petition asserts claims against Defendants for breach of fiduciary duties, breach of the Louisiana Handbook for Administration, constructive fraud, negligence, gross negligence, negligent misrepresentation, fraud, fraud in the inducement, violations of La. R.S.17:406.9, and gross mismanagement. The Amended Petition describes the class members as "[a]ll natural persons who are/were parents of students and students of John F. Kennedy Senior High School in New Orleans, Louisiana, who claim to have suffered damages, including, but not limited to, economic losses, emotional distress, loss of opportunity, loss of quality of life, and other damages, as a direct and proximate result of the negligent and/or intentional acts of Defendants."

The Amended Petition alleges that on May 8, 2019, following an investigation and audit of complaints of grade-changing at Kennedy High, Tensquare reported the following "problems" that had to be resolved before seniors could graduate:

- The school would need to address students with failing grades, and others who had incorrect coding for their classes;
- Some students' transcripts failed to note they had previously made up coursework in Kennedy High's remedial program, GradePoint. Other students were still actively making up course work;
- Some students who transferred to Kennedy High mid-way through high school had incomplete transcripts;
- Other students lacked final grades from previous semesters or were waiting on final grades in the spring semester;
- Some students were waiting for results from end-of-course exams, which students are required to pass to graduate;
- There was confusion regarding who would serve as testing coordinator and have the difficult task of talking to seniors about their test scores;
- Some students had exceeded the state's absence limit.

3

On August 27, 2019, the same date that Plaintiffs filed the Amended Petition, BESE filed an exception of no cause of action with respect to Plaintiffs' original Petition. On October 15, 2019, BESE filed an exception of no cause of action with respect to Plaintiffs' Amended Petition. On August 27, 2019, OPSB filed an exception of no cause of action with respect to the original Petition. On October 2, 2019, OPSB filed an exception of no cause of action with respect to Plaintiffs' Amended Petition.

On October 11, 2019, the trial court held a hearing on OPSB's Exception of No Cause of Action as to Plaintiffs' original Petition, and on October 24, 2019 the trial court signed a judgment granting OPSB's exception. On October 25, 2019, the trial court held a hearing on OPSB's Exception of No Cause of Action as to Plaintiffs' Amended Petition, and on November 7, 2019, the trial court signed a judgment granting OPSB's exception, and dismissing Plaintiffs' claims.

On October 25, 2019, the trial court also held a hearing on BESE's Exceptions of No Cause of Action as to Plaintiffs' original Petition and Amended Petition, and on November 21, 2019, the trial court signed a judgment sustaining BESE's exceptions, and dismissing Plaintiffs' claims.

Plaintiffs timely appealed the October 23, 2019, November 7, 2019, and November 21, 2019 judgments.

**DISCUSSION**

**Law Governing Exceptions of No Cause of Action**

The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. *Moses v. Moses*, 15-0410, p. 3 (La. App. 4 Cir. 8/5/15), 174 So.3d 227, 229. No evidence may be introduced to support or controvert an exception of no cause of action. *Id.*, 15-0140, p. 3, 174 So.3d at 229-30. Thus, the exception is triable on the face of the petition and each well-pleaded fact must be accepted as true. *Id.*, 15-0140, p. 3, 174 So.3d at 230.

"A court appropriately sustains the peremptory exception of no cause of action only when, conceding the correctness of the facts, the plaintiff has not stated a claim for which he or she can receive a legal remedy under the applicable substantive law." *Deutsche Bank Nat'l Trust Co. v. McNamara*, 17-0173, 2017 WL 4700650, at *4 (La. App. 4 Cir. Oct. 18, 2017), __So.3d __ (quoting *Maw Enters., L.L.C. v. City of Marksville*, 14-0090, p. 7 (La. 9/3/14), 149 So.3d 210, 215). "'Every reasonable interpretation must be accorded the language used in the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial.'" *Deutsche*, 17-0173, 2017 WL 4700650, at *4 (quoting *Moses*, 15-0140, p. 4, 174 So.3d at 230).

**Standard of Review**

"In reviewing a trial court's ruling sustaining an exception of no cause of action, the appellate court should subject the case to *de novo* review because the

exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition." *Deutsch*, 17-0173, 2017 WL 4700650, at \*\*4-5 (citing *Mid-South Plumbing, L.L.C. v. Dev. Consortium-Shelly Arms, L.L.C.*, 12-1731, p. 4 (La. App. 4 Cir. 10/23/13), 126 So.3d 732, 736.

### *BESE's Exceptions of No Cause of Action*

Plaintiffs contend that the trial court manifestly erred when it sustained BESE's exceptions of no cause of action using the affirmative defense of statutory immunity.

BESE contends that it has immunity from civil liability to Plaintiffs under La. R.S. 17:3993(B), which provides:

> (B) The State Board of Elementary and Secondary Education and its members individually are immune from civil liability for any damages arising with respect to all activities related to the operation of any type of charter school they may authorize as a chartering authority, **except as is otherwise specifically provided in a charter.** (Emphasis added.)

La. R.S. 17:3993(B) grants BESE immunity unless the underlying charter agreement provides an express exclusion. *See Hayes v. Sheraton Operating Corp.*, p. 6 (La. App. 4 Cir. 12/10/14), 156 So.3d 1193, 1198. We agree with Plaintiffs that BESE cannot rely on the immunity set forth in La. R.S. 17:3993(B) because the statute requires an analysis of the charter agreement, which was not attached to either petition, and cannot be considered on an exception of no cause of action. *See Moses*, 15-0140, p. 3, 174 So.3d at 29-30 ("No evidence may be introduced to support or controvert an exception of no cause of action."). BESE's immunity argument has no merit.

6

BESE also contends that its exceptions should be sustained because of the "complete absence of any allegations specifically implicating BESE in any of the conduct plaintiffs identify as the legal cause of their damages." The Amended Petition, however, alleges, among other wrongful acts, that BESE breached its fiduciary duty to the students by empowering OPSB and New Beginnings to "ruin the lives of students by maintaining new Beginnings' charter to operate Kennedy High during the 2019-2020 academic year." The Amended Petition also alleges that BESE failed to provide reasonably prudent oversight of New Beginnings, and that BESE was obtaining financial gains by lying or omitting important details about the Kennedy High students' educational progress. The Amended Petition also avers that BESE negligently misrepresented that the students' education was progressing according to BESE's policies. Thus, it does not appear beyond doubt that Plaintiffs can prove no set of facts in support of any claim which would entitle them to relief. *Mid-South Plumbing*, 12-1731, p. 5, 126 So.3d at 736. This argument lacks merit.

### *OPSB's Exceptions of No Cause of Action*

OPSB did not raise statutory immunity under La. R.S. 17:3393 as grounds for sustaining its exception.[1]

---

[1] For the reasons discussed above, La. R.S. 17:3393(A) would preclude immunity for OPSB:

> (A) The **local school board** and its members individually are immune from civil liability for any damages arising with respect to all activities related to the operation of any type of charter school they may authorize as a chartering authority, **except as is otherwise specifically provided in a charter.** (Emphasis added.)

Instead, OPSB contends that Plaintiffs cannot state a cause of action against it because, under the charter agreement, OPSB had no involvement in awarding grades to students, providing students with information regarding graduation requirements, or maintaining school records and transcripts at Kennedy High. The charter agreement is not attached to the petitions, and no evidence may be introduced to support OPSB's exceptions of no cause of action. This argument has no merit.

OPSB further contends that Plaintiffs have not alleged any specific conduct by OPSB related to the claims set forth in the petitions. The Amended Petition alleges the following wrongful conduct by OPSB:

- OPSB failed to exercise diligent supervision over New Beginnings in the operation of the charter school, which constitutes breach of fiduciary duty.
- OPSB engaged in constructive fraud by lying and omitting important details about Kennedy High's students' educational progress in order to maintain student enrollment.
- OPSB was negligent in failing to act as a reasonable and prudent educator in providing educational services to the students at Kennedy High.
- OPSB engaged in fraud and fraud in the inducement by representing that the students' educational process was progressing according to BESE's policies.
- OPSB committed gross mismanagement of Kennedy High by its failure to maintain staff and teachers, overuse of substitute teachers, financial mismanagement, falsification of contracts that affect school operations, gross negligence in not knowing policies and practices regarding successful matriculation from high school; gross negligence in providing students with information regarding graduation credits that caused them to fail.

We find that, conceding the correctness of the facts, Plaintiffs have stated a claim for which they can receive a legal remedy under Louisiana law. Based on our *de novo* review, the trial court erred in sustaining the exceptions of no cause of action filed by Defendants.

8

## CONCLUSION

For the reasons stated above, we reverse the trial court's October 24, 2019, November 7, 2019, and November 21, 2019 judgments. This matter is remanded for further proceedings.

**REVERSED AND REMANDED**