J^LEON A. CANNIZZARO, JR., Judge.
This case involves an appeal by the plaintiff from the trial court’s judgment granting a motion for summary judgment. For the reasons that follow, the judgment is affirmed.

FACTS AND PROCEDURAL HISTORY

The plaintiff, Derrick Reaux, filed suit against Deep South Equipment Company (“Deep South”) and Hyster Company (“Hyster”) in connection with an accident that occurred in the course and scope of his employment. Mr. Reaux was employed by Dupuy Storage and Forwarding Company (“Dupuy”) when a lift truck[1] driven by a co-worker backed up and hit Mr. Reaux, injuring his left foot and ankle. The lift truck was manufactured by Hy-ster, and it was leased to Dupuy by Deep South. The lift truck was not equipped with an audible reverse signal alarm, commonly called a backup alarm.
On September 3, 1999, Mr. Reaux filed suit against Deep South and Hyster on the grounds of negligence and strict liability. On January 11, 2002, Deep South filed a Motion for Summary Judgment, which was heard on May 17, 2002. A Partial Final Judgment granting Deep South’s Motion for Summary Judgment and | ¡.dismissing all of Mr. Reaux’s claims against Deep South with prejudice was signed that same date.[2] On July 1, 2002, Mr. Reaux filed this appeal.

STANDARD OF REVIEW

In Pierre-Ancar v. Browne-McHardy Clinic, 2000-2409 (La.App. 4th Cir.1/16/02), 807 So.2d 344, writ denied, 2002-0509 (La.4/26/02), 814 So.2d 558, this Court discussed as follows the criteria to be used by an appellate court in reviewing a summary judgment:
Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226, 230. Summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact, and that the movant is entitled to judgment as a matter of law. La. C.C.P. art. 966. Id. at 4-5 and at 347.
See also Randall v. Chalmette Medical Center, Inc., 2001-0871 (La.App. 4th Cir.5/22/02), 819 So.2d 1129.

DISCUSSION

In Ross v.Schwegmann Giant Super Markets, 1998-1036 (La.App. 1st *22 Cir.5/14/99), 734 So.2d 910, the Court stated:
Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Id. at 3 and at 912.
Mr. Reaux is alleging that Deep South is liable to him on the grounds of negligence and strict liability. Therefore, we must first consider whether the legal requirements for a finding of liability due to negligence or strict liability are present in the instant case.
laLiabilty for Negligence
In Posecai v. Wal-Mart Stores, Inc., 1999-1222 (La.11/30/99), 752 So.2d 762, the Louisiana Supreme Court articulated the analysis, which is a duty risk analysis, to be made in determining whether to impose liability for negligence.
In Posecai the court stated:
Under this analysis the plaintiff must prove that the conduct in question was the cause-in-fact of the resulting harm, the defendant owed a duty of care to the plaintiff, the requisite duty was breached by the defendant and the risk of harm was within the scope of protection afforded by the duty breached. Syrie v. Schilhab, 96-1027, p. 4-5 (La.5/20/97), 693 So.2d 1173, 1176-77; Berry v. State, 93-2748, p. 4 (La.5/23/94), 637 So.2d 412, 414. Under the duty-risk analysis, all four inquiries must be affirmatively answered for plaintiff to recover. LeJeune v. Union Pacific R.R., 97-1843, p. 6 (La.4/14/98), 712 So.2d 491, 494. Id. at 4 and at 765-66.
Under the four prong test used in the duty risk analysis, this Court must determine whether all of the following questions can be answered in the affirmative:
(1) Can Mr. Reaux prove that Deep South’s failure to lease to Dupuy a lift truck with a backup alarm was the cause-in-fact of his damages?
(2) Did Deep South owe a duty of care to Mr. Reaux?
(3) Did Deep South breach any such duty?
(4) Did any duty breached by Deep South cause the type of harm ■ against which the duty was imposed to protect?
If any of the questions can be answered in the negative, then Mr. Reaux has failed to meet the four prongs of the test used in the duty risk analysis and cannot meet the required burden of proof for a finding of negligence.
We find that Deep South’s failure to lease to Dupuy a lift truck with a backup alarm was not the cause-in-fact of Mr. Reaux’s damages. Regulations Upromulgated by the Department of Occupational Safety and Health Administration (“OSHA”), 29 C.F.R. § 1926.60, provide in pertinent part as follows:
No employer shall use any motor vehicle equipment having an obstructed view to the rear unless:
(i) The vehicle has a reverse signal alarm audible above the surrounding noise level or:
(ii) The vehicle is backed up only when an observer signals that it is safe to do so. 29 C.F.R. § 1926.601(b)(4)
Dupuy was responsible for complying with the OSHA regulations. The regulations specifically address the responsibility of the employer, not the seller or other provider of a motor vehicle. In the instant case Dupuy had the option of complying with the regulations by leasing a lift truck with a backup alarm or by insuring that the lift truck was driven in reverse when the rear view was obstructed only when a *23 third party observer signaled that it was safe to do so.
The fact that the lift truck did not have a backup alarm did not render it defective. The lift truck was not used properly in accordance with OSHA regulations. Had a third party observer monitored the lift truck when it was being driven in reverse at the time of the accident, the accident could likely have been avoided.
By using a lift truck without a backup alarm, Dupuy obligated itself to provide a third party observer whenever the lift truck was driven in reverse with an obstructed rear view. Dupuy did not do this when Mr. Reaux was injured by the lift truck. Deep South, which simply leased the lift truck to Dupuy, a lift truck that would comply with OSHA regulations if monitored by a third party observer when being driven in reverse with an obstructed rear view, was not the cause-in-faet of the accident. Deep South was a third party lessor that was not in control of the premises where the accident occurred or the manner in which the lift truck was used. Deep South did not cause the accident or the damages suffered by Mr. Reaux. | ¡¿Because we have determined that the actions of Deep South were not the cause-in-fact of the accident, we have answered one of the questions covered by the four prong test for determining negligence in the negative.
Because all four questions must be answered in the affirmative for a finding of negligence, we do not need to address the remaining three questions. We find that Deep South’s failure to lease to Dupuy a lift truck with a backup alarm was not the cause-in-fact of Mr. Reaux’s damages. Therefore, Deep South was not negligent under the duty risk analysis.
Strict Liability
In Louisiana strict liability for vices and defects in things is governed by the Louisiana Products Liability Act (“LPLA”), La. R.S. 9:2800.51-9:2800.60. The LPLA applies to manufacturers and to certain sellers of things. La. R.S. 9:2800.52 states in part:
This Chapter establishes the exclusive theories of liability for manufacturers for damage caused by their products. A claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in this Chapter.
Pursuant to the LPLA, a manufacturer is defined to include a “seller of a product who exercises control over or influences a characteristic of the design, construction or quality of the product that causes damage”. La. R.S. 9:2800.53(l)(b). A “seller” is defined as “a person or entity who is not a manufacturer and who is in the business of conveying title to or possession of a product to another person or entity in exchange for anything of value”. La. R.S. 9:2800.53(2).
In Slaid v. Evergreen Indem., Ltd., 32,-363 (La.App.2d Cir.10/27/99), 745 So.2d 793, the Court stated:
A non-manufacturing seller who does not vouch for the product by holding it out as his own does not incur strict manufacturer’s liability under the LPLA, but is responsible for damages in tort “only if he |fiknew or should have known that the product sold was defective, and failed to declare it.” Id. at 6 and at 797.
In Jackson v. Sears Authorized Retail Dealer Store, 36,166 (La.App.2d Cir.6/12/02), 821 So.2d 590, the Court cited the Slaid case and stated that “the law is clear that a non-manufacturing seller of a defective product is not responsible for damages in tort absent a showing that he knew or should have known the product *24 was defective and failed to declare it.” Id. at 4-5 and at 593.
Assuming that Deep South is a “seller” within the meaning of the LPLA[3], we find that Deep South is not liable under the LPLA. There is no evidence that the lift truck was defective in any way. Mr. Reaux alleges that the lack of a backup alarm on the lift truck rendered it defective, but we do not agree. Had Dupuy complied with the OSHA regulations by using a third party observer to monitor the lift truck being driven in reverse with an obstructed rear view when Mr. Reaux was injured, it is likely that the accident could have been avoided. It was Dupuy’s choice whether to lease a lift truck with a backup alarm or to provide a third party observer when the truck was being driven in reverse. The fact that the lift truck did not have a backup alarm did not render it defective.
La. Civil Code art. 2317 provides that “[w]e are responsible for that which is caused by ... the things which we have in our custody” and was a basis for the imposition of strict liability until La. Civil Code art. 2317.1 was enacted. Article 2317.1 modifies Article 2317 and imposes liability on the owner or custodian of a thing for damage “occasioned by its ruin, vice, or defect, only upon showing that he knew of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and he had failed to |7exercise such reasonable care”. The strict liability provisions of Article 2317 are modified by the knowledge element introduced by Article 2317.1.
In Davis v. Diamond Shamrock Refining and Marketing Co., 34,309 (La.App.2d Cir.12/6/00), 774 So.2d 1076, the Court stated with regard to La. Civil Code article 2317.1:
By adding La. C.C. art. 2317.1, the legislature added the element of knowledge, abrogating the application of strict liability to damage caused by defects in things in a person’s custody. Both theories, however, require proof that the defendant had custody of the thing causing the injury; that it contained a defect, that is, a condition creating an unreasonable risk of harm; and that the defective condition caused plaintiffs injury. Id. at 7 and at 1080-81.
See also Conques v. Wal-Mart Stores, Inc., 2000-00619 (La.App. 3d Cir.2/14/01), 779 So.2d 1094, writ denied, 2001-0715 (La.4/20/01), 790 So.2d 643.
It is not disputed that Deep South did not have custody of the lift truck when it injured Mr. Reaux. Therefore, Deep South is not liable under La. Civil Code arts. 2317 and 2317.1.

CONCLUSION

We find that the material facts in this case are not in dispute. Both Mr. Reaux and Deep South agree that Deep South leased the lift truck that injured Mr. Reaux to Dupuy and that Deep South leased the lift truck without a backup alarm. We also find, based on the foregoing discussion, that Deep South is not liable to Mr. Reaux for either negligence or strict liability. Therefore, the trial court was correct in granting summary judgment in favor of Deep South, and the judgment of the trial court is affirmed.
AFFIRMED.
*25 REHEARING DENIED
The appellant, Derrick Reaux, has applied for rehearing. The appellant argues that this court should have determined whether the fact that the lift truck that injured the appellant did not have a back up alarm was “a” cause, rather than “the” cause, of the accident that injured the appellant. The appellant also argues that this court found that only the actual custodian of a thing can be hable under Civil Code article 2317.1.
We find no error in our original opinion. We found that the failure of the lift truck to have a back up alarm was neither “a” cause nor “the” cause of the accident. We did not find that only the custodian of a thing can be liable under Civil Code article 2317.1. We found that under the facts of the instant case, the owner of the lift truck was not liable under article 2317.1.

. A lift truck is similar to a forklift.

. Hyster was not a party to the Motion for Summary Judgment.

. We need not determine whether Deep South is a "seller” within the meaning of the LPFA, because we find that Deep South would have no liability under the LPLA even if it were a "seller”.