11 McKAY, J.
The plaintiff, Derrick Reaux, appeals the trial court’s granting of summary judgment in favor of the defendant, Hyster Company/NAACO Materials Handling Group, Inc. (Hyster). We affirm.
FACTS AND PROCEDURAL HISTORY
On March 28, 1999, Derrick Reaux was working for Dupuy Storage in a warehouse checking merchandise when he was injured in an accident involving a lift truck. The accident occurred while Wallace Barnes was backing the lift truck up in a darkly lit area and struck Mr. Reaux in the left ankle; the lift truck did not have a reverse signal alarm. Both Mr. Reaux and Mr. Barnes were in the course and scope of their employment with Dupuy Storage at the time of the accident. The lift truck was supplied to Dupuy Storage by Deep South Equipment Company (Deep South) and manufactured by Hy-ster.
An accident report prepared by Dupuy Storage indicated that the cause of the accident was due to “operator carelessness” and “another employee’s 1 ^carelessness.” Medical reports also indicated that marijuana metabolites were found in both Mr. Reaux’s and Mr. Barnes’ blood.
Mr. Reaux filed suit against Deep South and Hyster, alleging that the lift truck was defective for failing to have an audible alarm that sounded when the lift truck was backing up. Deep South moved for summary judgment, which the trial court granted and this Court affirmed.[1] Hyster also moved for summary judgment, which the trial court granted. It is from that judgment that the plaintiff now appeals.
DISCUSSION
Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226, 230. Summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits show that there is no genuine issue of material fact, and that movant is entitled to judg *356 ment as a matter of law. La. C.C.P. art. 966.
In the instant case, the only theory of liability that the plaintiff puts forward is that the lift truck was unreasonably dangerous in design. La. R.S. 9:2800.56 states that a product is unreasonably dangerous in design if at the time the product left its manufacturer’s control:
(1) There existed an alternative design for the product that was capable of preventing the claimant’s damage; and
(2) The likelihood that the product’s design would cause the claimant’s damage and the gravity of that damage outweighed the burden on the ^manufacturer of adopting such alternative design and the adverse effect, if any, of such alternative design and the adverse effect, if any, of such alternative design on the utility of the product. An adequate warning about a product shall be considered in evaluating the likelihood of damage when the manufacturer has used reasonable care to provide the adequate warning to users and handlers of the product.
The plaintiff contends that the alternative design that would be appropriate in this case would be to have the lift truck manufactured with a back-up alarm. However, this very issue has already been addressed by this Court in Reaux v. Deep South Equipment Co., 2002-1571 (La.App. 4 Cir. 2/5/03), 840 So.2d 20. In that case, the Court stated:
There is no evidence that the lift truck was defective in any way. Mr. Reaux alleges that the lack of a back-up alarm on the lift truck rendered it defective, but we do not agree. Had Dupuy complied with the OSHA regulation by using a third party observer to monitor the lift truck being driven in reverse with an obstructed rear view when Mr. Reaux was injured, it is likely that the accident could have been avoided. It was Du-puy’s choice whether to lease a lift truck with a back-up alarm or to provide a third party observer when the truck was being driven in reverse. The fact that the lift truck did not have a back-up alarm did not render it defective.
Id. at 24.
Hyster did everything that it was obligated to do under the law in its design and construction of the lift truck. It was the obligation and option of Mr. Reaux’s employer, Dupuy Storage, either to provide a back-up alarm on the lift truck, or provide an observer. The fact that Dupuy Storage did not elect to purchase such an option does not render Hyster liable to Mr. Reaux for his injuries.
CONCLUSION
Based on the record before this Court and this Court’s previous holding in Reaux v. Deep South Equipment Co., 2002-1571 (La.App. 4 Cir. 2/5/03), 840 So.2d 20, there is ample evidence to support the trial court’s granting of summary | ¿judgment. Accordingly, for the foregoing reasons we affirm the judgment of the trial court.
AFFIRMED.
JONES, J., dissents.
BELSOME, J., dissents with reasons.

. Reaux v. Deep South Equipment Co., 2002-1571 (La.App. 4 Cir. 2/5/03), 840 So.2d 20.