ItBELSOME, J.,
Dissents with Reasons.
I respectfully dissent from the majority’s opinion.
On March 28, 1999, Derrick Reaux (“Reaux”), an employee of Dupuy Storage, was run over by a lift truck traveling in reverse. Reaux suffered injuries to his foot, ankle and leg. Reaux filed suit *357 against Deep South Equipment Company (“Deep South”), the lessor of the equipment and Hyster Company/NAACO Materials Handling Group, Inc. (“Hyster”), alleging that the lift truck was defective for failing to have a audible alarm that sounded when the lift truck was backing up.
Deep South filed a motion for summary judgment. The trial court granted the summary judgment in favor of Deep South and Reaux appealed.[1] This court affirmed the trial court’s ruling. It is that ruling that Hyster relies for their filing of a motion for summary judgment. This appeal arises from the trial court’s granting of Hyster’s motion for summary judgment.
In the prior appeal the only issue to be addressed by this court was whether the lessor, Deep South, was liable to Reaux. In that panel’s decision they analyzed Deep South’s liability under a duty risk analysis, as well as, the Louisiana Products | ^Liability Act. Under the duty risk analysis, the panel found that there was no negligence on the part of Deep South stating:
The fact that the lift truck did not have a backup alarm did not render it defective. The lift truck was not used properly in accordance with OSHA regulations. Had a third party observer monitored the lift truck when it was being driven in reverse at the time of the accident, the accident could likely have been avoided.[2]
The determination that the lift truck, as equipped, was not defective was based solely on the fact that the equipment could have been operated in a manner that would not have violated the Department of Occupational Safety and Health Administration (OSHA), 29 C.F.R. § 1926.60(b)(4), which states:
No employer shall use any motor vehicle equipment having an obstructed view to the rear unless:
(i) the vehicle has a reverse signal alarm audible above the surrounding noise level; or
(ii) the vehicle is backed up only when an observer signals that it is safe to do so. ■
The opinion went on to discuss Deep South’s liability under the Louisiana Products Liability Act, writing:
Assuming that Deep South is a “seller” within the meaning of the LPLA (footnote omitted), we find that Deep South is not liable under the LPLA. There is no evidence that the lift truck was defective in any way. Mr. Reaux alleges that the lack of a backup alarm on the lift truck rendered it defective, but we do not agree. Had Dupuy complied with the OSHA regulations by using a third party observer to monitor the lift truck being driven in reverse with án obstructed rear view when Mr. Reaux was injured, it is likely that the accident could have been avoided. It was Dupuy’s choice whether to lease a lift truck with a backup alarm or to provide a third party observer when the truck was being driven in reverse. The fact that the lift truck did not have a backup alarm did not render it defective.[3]
Finally, the panel concluded as follows: We find that the material facts in this case are not in dispute. Both Mr. Reaux and Deep South agree that Deep South leased the lift truck that injured Mr. Reaux to Dupuy and that Deep *358 South leased the lift truck without a backup alarm. We also find, based on the foregoing discussion, that Deep South is not liable to Mr. Reaux for either negligence or strict liability. Therefore, the trial court was correct in ^granting summary judgment in favor of Deep South, and the judgment of the trial court is affirmed.[4]
Clearly, the trial court relied heavily on the prior opinion in granting Hyster’s motion for summary judgment.[5] We should not simply adopt the holding of the prior appeal panel and find that Hyster as the manufacturer should be dismissed. The opinion written on the Deep South appeal had issues specific to the lessor. Language regarding defect was added on the basis of the OSHA regulation. That panel reasoned that since there was no OSHA violation there was no defect. We should not allow that holding to be extended to the manufacturer; to do so deprives the plaintiff of trying his case on the merits.
Notwithstanding the language regarding defect in the prior opinion, Hyster had no basis for a dismissal on summary judgment. Certainly, there are genuine issues of material fact as to Reaux’s claims that warrant a trial of this matter. The Louisiana Product Liability Act R.S. 9:2800.56, sets forth the burden of proof to establish liability on the part of the manufacturer.[6] In order for a plaintiff to prevail under a products liability theory of recovery, plaintiff must prove that harm Rcomplained of resulted from the allegedly defective condition of the product, that condition made product unreasonably dangerous for normal use, and that condition existed at time product left manufacturer’s control.[7]
Whether an unreasonable risk of harm was created by the lift truck not being equipped with an audible alarm that sounds when the vehicle is operated in reverse is a question of fact not law. Reaux has set forth his allegations of defect and asserted that the alternate design would be a unit with an alarm. Such vehicles are consistently used around workers in poorly lit and noisy warehouses. The fact that lift trucks often come equipped with audible alarms for backing up is a good indicator that perhaps the *359 alarms should be standard. Again, those are issues to be presented to the fact finder, in this case the jury. Without the language from the prior opinion, Hyster would not have been successful in their motion for summary judgment. For these reasons, I would have reversed the trial court’s granting of Hyster’s motion for summary judgment and remanded for trial on the merits.

.Reaux v. Deep South Equipment Company, 2002-1571, (La.App. 4 Cir.2003), 840 So.2d 20, writ denied, 2003-1165 (La.6/20/03), 847 So.2d 1237.

. Id. at 23.

. Reaux, supra at 24.

. Id.

. Trial court’s Reasons for Judgment read:
Specifically the court reiterates the Fourth Circuit’s prior opinion in this matter:
There is no evidence that the lift truck was defective in any way. Mr. Reaux alleges that the lack of a backup alarm on the lift truck rendered it defective, but we do not agree. Had Dupuy complied with the OSHA regulations by using a third party observer to monitor the lift truck being driven in reverse with an obstructed rear view when Mr. Reaux was injured, it is likely that the accident could have been avoided. It was Dupuy’s choice whether to lease a lift truck with a backup alarm or to provide a third party observer when the truck was being driven in reverse. The fact that the lift truck did not have a backup alarm did not render it defective.

. A product is unreasonably dangerous in design if, at the time the product left its manufacturer’s control:
(1) there existed an alternative design for the product that was capable of preventing the claimant's damage; and
(2) the likelihood that the product’s design would cause the claimant’s damage and the gravity of that damage outweighed the burden on the manufacturer of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product. An adequate warning about a product shall be considered in evaluating the likelihood of damage when the manufacturer has used reasonable care to provide the adequate warning to users and handlers of the product. La. R.S. 9:2800.54

. Delery v. Prudential Ins. Co. of America, 1994-0352 (La.App. 4 Cir. 9/29/94), 643 So.2d 807, , writ denied 1994-2623 (La.12/16/94), 648 So.2d 393.