913 So.2d 140 (2005)
John DOE, Individually and on Behalf of the Class
v.
Jo Ellen SMITH Medical Foundation d/b/a Jo Ellen Smith Medical Center and Jo Ellen Smith Psychiatric Center, et al.
No. 2005-C-0653.
Court of Appeal of Louisiana, Fourth Circuit.
July 13, 2005.
*141 W. Christopher Beary, R. Ray Orrill, Jr., Orrill, Cordell & Beary, L.L.C., New Orleans, LA, For Plaintiffs/Respondents.
Deborah C. Foshee, Kirk P. Groh, Edward M. Morris, Hemelt and Foshee, L.L.C., NEW ORLEANS, LA, for Relators.
Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge CHARLES R. JONES, and Judge DENNIS R. BAGNERIS SR.
JOAN BERNARD ARMSTRONG, Chief Judge.
We grant the relators' application for supervisory review in order to consider the trial court's denial of their "Peremptory Exception of No Cause of Action, Alternatively, Motion for Summary Judgment." We note that the judgment we have been asked to review provides in pertinent part:
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Peremptory Exceptions of No Cause of Action and No Right of Action, sought herein by Defendants, Tenet Healthcare Corporation, Tenet Health Systems Hospitals, Inc. d/b/a JO ELLEN SMITH MEDICAL CENTER and P.I.A. WESTBANK, INC. d/b/a JO ELLEN SMITH PSYCHIATRIC HOSPITAL, claiming that John Doe has no Right of Action, and Plaintiffs do not state a cause of action for which relief can be sought is hereby DENIED.
According to their writ application, the relators seek review only of "the Trial Court's denial of their Peremptory Exceptions of No Cause of Action." The function of the peremptory exception of no cause of action is to determine the legal sufficiency of the petition. It questions whether the petition sufficiently alleges grievances for which the law affords remedy. Rutledge v. Hibernia Corp., XXXX-XXXX, pp. 1-2 (La.App. 4 Cir. 1/16/02), 808 So.2d 765, 766. We review the trial court's ruling de novo, following the accepted rule that a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. Id. The standard for granting an exception of no cause of action is not the likelihood that the plaintiff will prevail at trial. Rather, it is whether, on the face of the petition, accepting as true all its allegations, and with every doubt resolved in the plaintiffs' behalf, the petition states any valid cause of action for relief. Copeland v. Treasure Chest Casino, XXXX-XXXX, p. 3 (La.App. 1 Cir. 6/21/02), 822 So.2d 68, 70.
*142 The burden of demonstrating that no cause of action has been stated is upon the mover or exceptor. Rutledge, XXXX-XXXX at p. 2, 808 So.2d at 766. In deciding the exception of no cause of action, the court must presume all factual allegations of the petition to be true and all reasonable inferences are made in favor of the non-moving party. Id.
The plaintiffs allege that the relators violated Louisiana law by placing documents containing confidential patient information in a parking lot where they could be copied and disseminated to the public, which action constituted an unauthorized and improper release by the Center of confidential medical records causing the plaintiffs concern that this disclosure not only occurred but will continue. The plaintiffs claim that these actions caused them to suffer mental and physical pain and suffering, depression and exacerbation of depression, loss of enjoyment of life and present and future embarrassment.
In their memorandum in support of the exception of no cause of action, the relators claim that the plaintiffs do not allege that the incident at issue resulted in any privileged information being communicated to anyone not already privy to that information. According to the plaintiffs' petition, on or about April 23, 1996, persons for whom the relators were responsible released the plaintiffs' confidential medical records by placing them in the parking lot at 4601 Patterson Drive in Orleans Parish. The plaintiffs allege they did not give the relators permission to do so. The plaintiffs allege that the records were exposed to public view and scrutiny, and that various local print and electronic media published the fact that the relators had placed the records in the parking lot. According to the petition, some or all of the records were "commandeered" by the Orleans Parish District Attorney, and were further exposed to unauthorized individuals.
The relators claim in their exception that the plaintiffs failed to allege in the petition that these documents were actually disclosed or communicated to the public. They further contend that the plaintiffs' claims of mental distress absent physical injury do not constitute an actionable claim pursuant to the decision in Moresi v. State Through Dept. of Wildlife and Fisheries, 567 So.2d 1081 (La.1990). In Moresi, duck hunters brought an action against the state claiming, inter alia, that a state agency caused them distress when a message was negligently placed on the door of the hunting camp. The plaintiffs did not allege they suffered any bodily harm as a result of the note. The award for mental distress was reversed on appeal because the Supreme Court determined "[I]f the defendant's conduct is merely negligent and caused only mental disturbance, without accompanying physical injury, illness or other physical consequences, the defendant is not liable for such emotional disturbance." Moresi, 567 So.2d. at 1096. However, this argument is not properly raised in an exception of no cause of action because it calls upon the court to assume facts favorable to the defendants which are not contained in the petition. See Haskins v. Clary, 346 So.2d 193, 195 (La.1977), in which the Court held that the exception of no cause of action is available only to those affirmative defenses that are disclosed on the face of the petition. While the relators have attached copies of various depositions and answers to interrogatories that they submitted to the trial court, we note that these documents are relevant only to the alternative Motion for Summary Judgment, as to which evidence may be taken. Such evidence is not properly admitted on consideration of an exception of no cause of action. Rutledge, XXXX-XXXX at p. 2, 808 So.2d at 766.
*143 Furthermore, the principle for which the relators cite the Moresi opinion is not absolute. Although Louisiana does not recognize an independent tort of negligent infliction of emotional distress, a plaintiff may recover for unintentional or negligent infliction of emotional distress unaccompanied by physical injury where the defendant's negligent conduct is deemed to be outrageous. See Succession of Harvey v. Dietzen, 1997-2815, p. 8 (La.App. 4 Cir. 6/24/98), 716 So.2d 911, 916. In order to recover, the plaintiff must show the existence of an "especial likelihood of genuine and serious mental distress, arising from the special circumstances, which serves as a guarantee that the claim is not spurious." Moresi, 567 So.2d at 1096.
In the present case, plaintiffs' petition alleges that they fear confidential medical information was and will continue to be released to the public. While the plaintiffs do not specify the precise theory on which they base their claim, the clear implication of the petition is that the relators breached their duty to the plaintiffs, who were alleged to be their patients, by the negligent disposal of confidential medical records.
Our inquiry is not whether the plaintiffs will be able to prove the damages they claim. The question therefore is whether in the light most favorable to plaintiff, and with every doubt resolved in his behalf, the petition states any valid cause of action for relief. Rutledge, XXXX-XXXX, p. 2, 808 So.2d at 766. A petition should not be dismissed on an exception of no cause of action merely because the plaintiff's allegations do not support the legal theory he intends to proceed on, since the court is under a duty to examine the petition to determine if the allegations provide relief on any possible theory." Id.
The plaintiffs have alleged the essential elements of a negligence claim under La. C.C. art. 2315. According to the petition, the relators breached their duty to their plaintiffs, and that breach of duty was the cause in fact of the plaintiffs' damages. We cannot say at this stage of the proceedings, applying the foregoing standard of review, that the plaintiffs have not alleged damages caused in fact by conduct constituting a breach of the relators' duty as custodian of the plaintiffs' medical records.
For the foregoing reasons, we affirm the judgment of the trial court insofar as it denied the relators' peremptory exception of no cause of action.
WRIT GRANTED; JUDGMENT AFFIRMED.