KNOLL, J.,
dissenting.
With all due respect, I dissent, as I believe plaintiff, Lenshonda Alexander, has established triable issues of fact as to whether defendant Lakeside Toyota breached its duty to plaintiff in failing to provide adequate warning.
The majority finds plaintiff failed to produce sufficient factual evidence of a defect due to inadequate warning under the Louisiana Products Liability Act La.Rev.Stat. § 9:2800 et seq. to withstand defendant’s motion for summary judgment. I disagree. Generally, whether a warning is adequate is a question for the trier of fact. Jack v. Alberto-Culver USA, Inc., 06-1883 (La.2/22/07), 949 So.2d 1256. It is difficult to say plaintiff did not demonstrate she could meet her burden of proof at trial, as there is evidence in the record indicating both an inadequate warning and Lakeside’s knowledge.
• Federal Motor Vehicle Safety Standard 208 was amended because the pre-1997 warning labels were insufficient to address the dangers of first generation airbags.
• The National Highway Traffic Safety Administration (“NHSTA”), drafter of the rule, stated the new warning labels would “help reduce the adverse effects by increasing the number of people who read and understand the message of the warning labels.”
• Toyota wrote to the NHSTA recognizing “the seriousness of airbag aggres-sivity to an occupant closely situated to the airbag.”
• Toyota also wrote the NHSTA in 1996 to comment on the proposed warning label, noting the new label should be “mandatory and exclusive” and “the user will understand the danger once the label is read.”
• Toyota recognized the danger of first generation airbags by preparing a mass mailing to Toyota owners in 1997, containing a letter warning of the dangers of first generation airbags and two 1997 warning labels to affix to their vehicles.
• Toyota maintains Lakeside, as one of Toyota’s official dealers, would have received the same warning letter and copies of the 1997 warning label.
• Finally, Lakeside has admitted it had “knowledge of issue regarding first generation air-bags and of the air-bag warning labels” during 1996-2001.
This showing in the record demonstrates multiple genuine issues of material fact, including the adequacy of the original warning label, Lakeside’s knowledge of the inadequacy of the warning label, and whether the lack of adequate warning regarding the aggressivity of the airbags was cause-in-fact of plaintiffs injuries.
Furthermore, the Court of Appeal properly found Lakeside stood in relationship to plaintiff so as to create a legally recognized duty to plaintiff. Lakeside clearly qualifies as a “seller” under the LPLA, as it “is in the business of conveying title to or possession of a product to another person or entity in exchange for anything of value.” La.Rev.Stat. § 9:2800.53(2). Under the LPLA, a non-manufacturing seller of products is responsible for damages in tort if: 1) the product he sold was defective; 2) he knew or should have known the product he sold was defective and 3) he failed to declare its defect. See, e.g., Reaux v. Deep South Equipment Co., 02-1571, pp. 5-6 (La.App. 4 Cir. 2/5/03), 840 So.2d 20, 23-24. However, after taking into account the policy considerations outlined in Meany v. Meany, 94-251, p. 6 (La.7/5/94), 639 So.2d 229, 233, the majority declines to find defendant owed a duty to plaintiff, declaring the factual circumstances of the case “too attenuated to con- *717 elude an ease of association is present” between defendant’s conduct and plaintiffs injuries. I respectfully disagree. It is a general principle of tort law that one who supplies goods through a third person for use by another is subject to liability to those whom the supplier should expect to use the goods. Restatement (Second) of ToRts § 388. As the Restatement notes, where a supplier sells to a retailer “goods which are obviously to be used by the persons purchasing them from him” the question may arise as to whether the supplier is “exercising that reasonable care, which he owes to those who are to use it, by informing the [retailer] of its actual character.” Id. at § 388 cmt. n.
The facts of this case fit the Restatement’s scenario: Lakeside sold a product to a retailer who, in turn, sold the product to a customer. Lakeside knew A-Quality was buying cars for resale to others. The Court of Appeal correctly found an ease of association between a seller’s failure to warn and the harm suffered by a foreseeable user, “where the seller knew or should have known that the manufacturer did not furnish the user with a warning and at the same time the seller failed to adequately warn his immediate buyer (such as A-Quality) of the danger.” Alexander v. Toyota Motor Sales, 11-1259, p. 8 (La.App. 4 Cir. 3/6/13), 110 So.3d 668.
Moreover, I strongly disagree with the majority’s view of policy concerns. The basis of plaintiffs’ suit supports consumer protection. The consumer should have been informed of the dangers of first generation airbags, which were well-established and well-known by Toyota, but Lakeside simply failed to pass this information on to the consumer. In my view, I find the policy concerns support plaintiffs’ suit.
Given defendant’s duty to foreseeable users such as plaintiff and the complicated factual circumstances of this case, I believe summary judgment was inappropriate in the instant case. Accordingly, I would affirm the holding of the Court of Appeal.