| ROSE GEORGE AND MELVIN GEORGE | * | NO. 2022-CA-0148 |
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| ABC INSURANCE COMPANY AND SOUTHERN | * | FOURTH CIRCUIT |
| UNIVERSITY OF NEW ORLEANS | | STATE OF LOUISIANA |
| | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-04164, DIVISION "A"
Honorable Ellen M Hazeur, Judge
* * * * * *
**JAMES F. MCKAY III**
**JUDGE PRO TEMPORE**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Dale N. Atkins, Judge Pro Tempore James F. McKay III)

SALVADOR MICHAEL BROCATO III
BROCATO LAW FIRM, PLC
3333 West Napoleon Avenue, Suite 101
Metairie, Louisiana 70001
     Counsel for Plaintiffs/Appellants

WM. DAVID COFFEY
ASSISTANT ATTORNEY GENERAL
REUBEN M. THOMAS
ASSISTANT ATTORNEY GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
1450 Poydras Street, Suite 900
New Orleans, Louisiana 70112
    Counsel for Defendant/Appellee, Southern University at New Orleans

**REVERSED AND REMANDED**

**OCTOBER 26, 2022**

Appellants-Plaintiffs, Rose and Melvin George, appeal the trial court judgment, dated January 20, 2022, which granted the exception of no cause of action filed by Appellee-Defendant, State of Louisiana, through the Board of Supervisors of Southern University and Agricultural and Mechanical College, on behalf of Southern University at New Orleans, and dismissed Plaintiffs' claims with prejudice. For the following reasons, we reverse and remand for further proceedings.

**FACTS AND PROCEDURAL HISTORY**

This lawsuit stems from an incident that occurred on or about June 25, 2016, while Plaintiffs, Rose and Melvin George ("Plaintiffs"), were attending a funeral repast inside a facility located on the campus of Southern University at New Orleans ("SUNO"). According to the petition, the building at the time did not have an operable AC/HVAC system. Plaintiffs claim that the guests were advised by SUNO representatives that the air conditioning issue would be remedied and that they were safe to enter. Plaintiffs further allege that after entering the facility, they decided to exit, and that Rose George was overcome by dizziness as a result of the excessive heat, fell, and broke her ankle.

1

As result of the incident, on May 2, 2017, Plaintiffs filed a negligence and premises liability suit against SUNO and ABC Insurance. Plaintiffs allege that the inoperable AC/HVAC system created an unreasonably dangerous temperature in the building, which caused Rose George to injure her ankle.[1]

On January 24, 2018, Plaintiffs requested leave to amend their petition, which the trial court granted. Plaintiffs' supplemental and amended petition added the Board of Supervisors of Southern University and Agricultural and Mechanical College; Southern University System; and the State of Louisiana as defendants and supplemented their allegations.

In response, the State of Louisiana, through the Board of Supervisors of Southern University and Agricultural and Mechanical College, on behalf of Southern University at New Orleans ("Defendant"), filed an exception of no cause of action.[2] In the exception, Defendant claimed Plaintiffs failed to state a cause of action because Plaintiffs admitted the allegedly defective condition at issue was

_____

[1] The petition and supplemental and amending petition were not in the record but are attached to the briefs.

[2] This is the second time Defendant filed the exception of no cause of action. Previously, on December 14, 2017, Defendant filed exceptions of insufficient service of process, lack of procedural capacity, vagueness and ambiguity, nonconformity to La. C.C.P. art. 891, and no cause of action. A hearing on the exception of insufficient service of process was held, and by judgment dated October 1, 2018, the trial court granted the exception, dismissing Plaintiffs' suit with prejudice. The trial court deemed the remaining exceptions moot in light of the granting of the exception of insufficient of service of process. Plaintiffs appealed and this Court reversed and remanded the case. *See George v. ABC Ins. Co.*, 2019-0124 (La. App. 4 Cir. 5/8/19), 271 So.3d 1289, *writ denied*, 2019-944 (La. 9/24/19), 279 So.3d 886. Defendants re-urged the exception of no cause of action on October 27, 2021.

open and obvious and thus Defendant owed no duty and cannot be liable to Plaintiffs.

The matter came for hearing before the trial court on December 28, 2021, and the trial court granted the exception of no case of action from the bench. The trial court rendered judgment on the exception on January 20, 2022, and dismissed Plaintiffs' claims with prejudice.

Plaintiffs' appeal follows.

## DISCUSSION

Plaintiffs argue the trial court erred in granting the exception of no cause of action and dismissing their claims with prejudice because the amended petition sufficiently states a cause of action for negligence and premises liability against Defendant and because the question of whether the hazardous condition was open and obvious to all is a mixed question of law and fact for the fact-finder.

Law Governing Exceptions of No Cause of Action

The function of an exception of no cause of action is to determine "whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition." *Parker v. Paladin Contractors, LLC*, 2020-0492, p. 7 (La. App. 4 Cir. 3/3/21), 314 So.3d 1128, 1134 (quoting *Badeaux v. Sw. Computer Bureau, Inc.*, 2005-0612, p. 7 (La. 3/17/06), 929 So.2d 1211, 1217).

"No evidence may be introduced to support or controvert an exception of no cause of action." *Daniels v. State*, 2020-0175, p. 5, (La. App. 4 Cir. 10/21/20) --- So.3d ----, ----, 2020 WL 6156387 at * 2, *writ denied sub nom. Daniels v. Bd. of Elementary & Secondary Educ.*, 2021-00008 (La. 3/2/21), 311 So.3d 1055 (citing *Moses v. Moses*, 2015-0140, p. 3 (La. App. 4 Cir. 8/5/15),

174 So.3d 227, 229-30). Thus, the exception is triable on the face of the petition and each well-pleaded fact must be accepted as true. *Id.* (citing *Moses*, 2015-0140, p. 3, 174 So.3d at 230).

"All reasonable inferences are made in favor of the nonmoving party in determining whether the law affords any remedy to the plaintiff." *Danna v. Ritz-Carlton Hotel Co., L.L.C.*, 2020-0116, p. 5, (La. App. 4 Cir. 3/24/21) --- So.3d ----, ----, 2021 WL 1159726 at * 10, *writ denied,* 2021-00714 (La. 10/1/21), 324 So.3d 1053, *and writ denied*, 2021-00713 (La. 10/1/21), 324 So.3d 1059 (quoting *City of New Orleans v. Bd. of Directors of Louisiana State Museum*, 98-1170, p. 9 (La. 3/2/99), 739 So.2d 748, 755). The burden of showing that the plaintiff has stated no cause of action is upon the exceptor. *Id.*

"A court appropriately sustains the peremptory exception of no cause of action only when, conceding the correctness of the facts, the plaintiff has not stated a claim for which he or she can receive a legal remedy under the applicable substantive law." *Daniels,* 2020-0175, p. 5, 2020 WL 6156387 at * 2 (quoting *Deutsche Bank Nat'l Tr. Co. as Tr. for Morgan Stanley ABS Cap. I Inc., Tr. 2004-WMC2 v. McNamara*, 2017-0173, p. 4 (La. App. 4 Cir. 10/18/17), 316 So.3d 881, 883, *writ denied sub nom. Deutsche Bank Nat'l Tr. Co. for Morgan Stanley ABS Cap. I Inc. Tr. 2004-WMC2 v. McNamara*, 2017-1918 (La. 2/2/18), 235 So.3d 1111. "Every reasonable interpretation must be accorded the language used in the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial." *Id.; see also An Erny Girl, L.L.C. v. BCNO 4 L.L.C.,* 2018-0360, p. 6 (La. App. 4 Cir. 9/26/18), 257 So.3d 212, 218 (stating "[a]n exception of no cause of action should be granted only when it

appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief").

"In reviewing a trial court's ruling sustaining an exception of no cause of action, the appellate court should subject the case to *de novo* review because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition." *Daniels*, 2020-0175, pp. 5-6, 2020 WL 6156387 at *3 (quoting *Deutsche Bank Nat'l Tr. Co*., 2017-0173, pp. 4-5, 316 So.3d at 883; *see also Parker*, 2020-0492, p. 7, 314 So.3d at 1134).

Custodial Negligence / Premises Liability

La. C.C. art. 2317 provides that we are responsible for damage caused by the things in our custody. This concept is understood with a modification found in La. C.C. art. 2317.1, concerning the condition of the premises, which states:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

*See Davis v. Riverside Ct. Condo. Ass'n Phase II, Inc*., 2014-0023, p. 6 (La. App. 4 Cir. 11/12/14), 154 So.3d 643, 647-48; *Reaux v. Deep S. Equip. Co.*, 2002-1571, pp. 6-7 (La. App. 4 Cir. 2/5/03), 840 So.2d 20, 24.

La. C.C. art. 2322 also "modifies liability under La. C.C. art. 2317 with respect to the owner of a ruinous building or a defective component part of that building." *Bercy v. 337 Brooklyn, LLC,* 2020-0583, p. 6 (La. App. 4 Cir. 3/24/21), 315 So.3d 342, 346, *writ denied*, 2021-00564 (La. 6/22/21), 318 So.3d 698 (citing *Hooper v. Brown*, 2015-0339, p. 6 (La. App. 4 Cir. 5/22/15), 171 So.3d 995, 1000). La. C.C. art. 2322 provides, in part:

The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice or defect in its original construction. However, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

Moreover, La. R.S. 9:2800 addresses a public entity's liability for the condition of things within its care and custody and provides, in relevant part:

A. A public entity is responsible under Civil Code Article 2317 for damages caused by the condition of buildings within its care and custody.

. . . .

C. Except as provided for in Subsections A and B of this Section, no person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.

D. Constructive notice shall mean the existence of facts which infer actual knowledge.

Under any of these theories of recovery, the plaintiff has to prove by a preponderance of the evidence that: (1) the defendant owned or had custody of the thing which caused the damage; (2) the thing was defective due to a condition creating an unreasonable risk of harm; (3) the defendant had actual or constructive notice of the condition yet failed to take corrective action within a reasonable period of time; and (4) the defect was a cause of the plaintiff's harm. *See Ramirez v. Lighthouse Prop. Ins. Corp.*, 2021-0184, p. 4 (La. App. 4 Cir. 12/15/21), 333 So.3d 1286, 1290 (outlining the requisite elements for liability under La. C.C. arts. 2317, 2317.1, 2322, and 2315(A)); *Sewell v. Sewerage & Water Bd. of New*

6

*Orleans,* 2019-0268, p. 6 (La. App. 4 Cir. 1/20/21), 313 So.3d 333, 339–40 (discussing custodial liability under La. C.C. arts. 2317, 2317.1 and La. R.S. 9:2800); *see also Lomax v. Transdev Servs., Inc.,* 2020-0620, p.7, n. 9 (La. App. 4 Cir. 10/20/21), 331 So.3d 368, 373, *writ denied*, 2021-01737 (La. 2/8/22), 332 So.3d 668 (noting that the elements of proof for public entity liability under La. R.S. 9:2800 are essentially the same as under La. C.C. arts. 2317 and 2317.1).

Accepting the allegations as true, Plaintiffs' petition, as amended, sufficiently states a cause of action for negligence and/or premises liability. The petition identifies Defendant as the "owner, operator, [] manager" and/or the custodian of the SUNO facility, where the accident took place. It further provides that air conditioning in the SUNO building was "not operating and created an unreasonably dangerous temperature." The petition also alleges that SUNO staff was aware and assured Plaintiffs the "air conditioning issue would be remedied" and that they "were safe to enter the premises." The petition also alleges Mrs. George slipped and fell as a result of the extreme heat conditions created by the inoperable air conditioning. The petition further claims that Defendant are liable to Plaintiffs for: creating/permitting the existence of an unreasonable dangerous condition on the premises; failing to correct the unreasonable dangerous condition on the premises that Defendant knew or should have known existed; failing to prevent a risk of harm that was reasonably foreseeable; failing to keep patrons safe from unreasonably dangerous conditions on the premises; failing to adequately inspect the premises to ascertain the dangers associated with the air conditioning system; and failing to act with the requisite standard of care. Plaintiffs thus alleged all the essential elements of a negligence/premises liability claim.

As stated above, "every reasonable interpretation must be accorded the language used in the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial." *McNamara*, 2017-0173, p. 4, 316 So.3d at 883. We find the allegations contained in the petition assert a valid cause of action against Defendant. As such, it was error for the trial court to grant the exception of no cause of action and dismiss Plaintiffs' claims.

Defendant, however, contends that the trial court correctly maintained the exception because no legal duty exists to protect against an open and obvious condition. Defendant argues that Plaintiffs' allegations that they were informed that the air conditioning system was not working prior to entry constitutes a judicial confession that the condition was open and obvious and thus no viable cause of action exists. *See* La. C.C.P. art. 1853 (stating a "judicial confession is a declaration made by a party in a judicial proceeding" and constitutes "full proof against the party who made it").

The threshold issue in any negligence action is whether the defendant owed a duty to the plaintiff. *Jones v. Stewart*, 2016-0329, p. 9 (La. App. 4 Cir. 10/5/16), 203 So.3d 384, 390 (citing *Ponceti v. First Lake Props., Inc.*, 2011–2711, p. 2 (La. 7/2/12), 93 So.3d 1251, 1252; *Meany v. Meany*, 94–0251, p. 6 (La. 7/5/94), 639 So.2d 229, 233). "Whether the defendant owed the plaintiff a duty is a legal question for the court to decide." *Id*. Absent a duty to the plaintiff, there can be no actionable negligence and, hence, no liability. *Id*. (*citing Bridgewater v. New Orleans Reg'l Transit Auth.*, 2015–0922, p. 10 (La. App. 4 Cir. 3/9/16), 190 So.3d 408, 415).

Defendant is correct in that under Louisiana law, a defendant generally does not have a duty to protect against an open and obvious hazard. *Scarberry v.*

8

*Entergy Corp.,* 2013-0214, p. 10 (La. App. 4 Cir. 2/19/14), 136 So.3d 194, 204 (citing *Hutchinson v. Knights of Columbus, Council* No. 5747, 2003–1533, p. 9 (La. 2/20/04), 866 So.2d 228, 234). "In order for a hazard to be considered open and obvious, the Louisiana Supreme Court has consistently stated that the hazard should be one that is open and obvious to all, *i.e.*, everyone who may potentially encounter it." *Id.* (citing *Murray v. Ramada Inns, Inc.*, 521 So.2d 1123, 1136 (La. 1988). "If the facts and circumstances of a particular case show that a dangerous condition should be open and obvious to all who encounter it, then the condition may not be unreasonably dangerous and the defendant may owe no duty to the plaintiff." *Hooper*, 2015-0339, p. 9, 171 So.3d at 1001 (citing *Broussard v. State of Louisiana, through the Off. of State Bldgs.*, 2012-1238, p. 11 (La. 4/5/13), 113 So.3d 175, 184). The open and obvious to all inquiry therefore "focuses on the global knowledge of everyone who encounters the defective thing or dangerous condition, not the victim's actual or potentially ascertainable knowledge." *Id.* (quoting *Broussard*, 2012–1238, p. 18, 113 So.3d at 188).

However, whether or not the defective condition is open and obvious such that Defendant cannot ultimately be held liable is not an appropriate question on an exception of no cause of action. "The purpose of the exception of no cause of action is not to determine whether the plaintiff will prevail at trial, but is to ascertain if a cause of action exists." *Bruzeau v. Wells Fargo Bank, N.A.*, 2012-0075, p. 6 (La. App. 4 Cir. 8/22/12), 99 So.3d 1010, 1014 (citing *Bogues v. Louisiana Energy Consultants, Inc.,* 46,434, p. 3 (La. App. 2 Cir. 8/10/11), 71 So.3d 1128, 1130). Thus, the likelihood of Plaintiffs' success at a trial against Defendant is not at issue on an exception of no cause of action. Rather, it is whether on the face of the petition, in the light most favorable to plaintiff, the

petition states a valid claim. As stated earlier, Plaintiffs pled the requisite elements to state a cause of action for negligence and premises liability and the trial court erred in granting the exception of no cause of action.[3]

Moreover, with regard to Defendant's argument that Plaintiffs admitted that the dangerous condition was open and obvious, as noted above, Louisiana jurisprudence holds that the open and obvious doctrine focuses on the "global knowledge" of a defective or dangerous thing, not the victim's actual or constructive knowledge. *Broussard*, 2012–1238, p. 18, 113 So.3d at 188; *Hooper,* 2015-0339, p. 9, 171 So.3d at 1001. Thus, Plaintiffs' alleged knowledge of the inoperable air conditioning in the SUNO facility is not necessarily conclusive that the defective condition was open and obvious to all who encountered it. *See Romain v. Brooks Restaurants, Inc.*, 2020-0243, p. 5 (La. App. 4 Cir. 11/18/20), 311 So.3d 428, 432 (acknowledging that the plaintiff's awareness of an icy sidewalk adjacent to the entrance of a restaurant was not dispositive of whether the conditions were "open and obvious to everyone").[4]

Furthermore, the Louisiana Supreme Court, in *Broussard*, suggests that open and obvious is a component of the risk-utility analysis to determine whether a defect is unreasonably dangerous and factual question for the trier of fact. As noted by Plaintiffs, the *Broussard* Court stated that the question of whether a defect

---

[3] *See Doe v. Smith*, 2005-0653, p. 5 (La. App. 4 Cir. 7/13/05), 913 So.2d 140, 143 (finding that the plaintiffs' petition was sufficient to state a cause of action for negligence against the medical center where the petition made allegations indicating that the medical center breached their duty to the plaintiffs, who were alleged to be their patients, by the negligent disposal of confidential medical records).

[4] The *Romain* Court, however, ultimately affirmed the trial court's ruling granting summary judgment in favor of the defendants because there was no genuine issue of material fact as to whether the slippery, icy sidewalk was open and obvious to all who encountered it. *Romain*, 2020-0243, p. 7, 311 So.3d at 433.

presents an unreasonable risk of harm is a "mixed question of law and fact" to be determined by the trier of fact. *Broussard,* 2012-1238, p. 9 (La. 4/5/13), 113 So.3d at 183–84. The Court stated, in pertinent part:

> We have described the question of whether a defect presents an unreasonable risk of harm as "a disputed issue of mixed fact and law or policy that is peculiarly a question for the jury or trier of the facts." *Reed v. Wal–Mart Stores, Inc*., [19]97–1174, p. 4 (La.3/4/98), 708 So.2d 362, 364 (quoting *Tillman v. Johnson,* 612 So.2d 70 (La.1993) (per curiam)). As a mixed question of law and fact, it is the fact-finder's role—either the jury or the court in a bench trial—to determine whether a defect is unreasonably dangerous. Thus, whether a defect presents an unreasonable risk of harm is "a matter wed to the facts" and must be determined in light of facts and circumstances of each particular case. *E.g., Dupree v. City of New Orleans*, [19]99–3651, pp. 13–14 (La.8/31/00), 765 So.2d 1002, 1012 (citation omitted); *Reed*, [19]97–1174 at p. 4, 708 So.2d at 364.

*Broussard*, 2012-1238, p. 9, 113 So. 3d at 183–84 (footnote omitted).

Louisiana courts have adopted a risk-utility balancing test to assist the trier of fact to determine whether a condition may be considered unreasonably dangerous. *Broussard*, 2012-1238, pp. 9-10, 113 So.3d at 184. This balancing test examines: (1) the utility of the complained-of condition; (2) the likelihood and magnitude of the harm, *including the obviousness and apparentness of the condition*; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature. *Id*. (emphasis added); *see also Romain*, 2020-0243, p. 4, 311 So.3d at 431–32 (citing *Bufkin v. Felipe's Louisiana, LLC*, 2014-0288, p. 6 (La. 10/15/14), 171 So.3d 851, 856). The open and obvious of a condition is therefore considered under the second prong of the risk-utility inquiry. *Broussard,* 2012-1238, p. 10, 113 So.3d at 184.

In discussing the open and obvious doctrine, the *Broussard* Court further found that the "analytic framework for evaluating an unreasonable risk of harm is

properly classified as a determination of *whether a defendant breached a duty owed*, rather than a determination of whether a duty is owed *ab initio*." *Broussard*, 2012–1238, pp. 11–12, 113 So.3d at 185 (emphasis added); *see also Hooper*, 2015-0339, pp. 9-10, 171 So.3d at 1001. It is axiomatic that the issue of whether a duty is owed is a question of law, and that the issue of whether a defendant has breached a duty owed is a question of fact. *Broussard*, 2012–1238, p. 12, 113 So.3d at 185. The *Broussard* Court also stated:

> The judge decides the former, and the fact-finder—judge or jury— decides the latter. "In the usual case where the duty owed depends upon the circumstances of the particular case, analysis of the defendant's conduct should be done in terms of 'no liability' or 'no breach of duty.'" *Pitre,* [19]95–1466 at p. 22, 673 So.2d at 596 (Lemmon, J., concurring). Because the determination of whether a defect is unreasonably dangerous necessarily involves a myriad of factual considerations, varying from case to case, *Reed,* [19]97–1174 at p. 4, 708 So.2d at 364, the cost-benefit analysis employed by the fact-finder in making this determination is more properly associated with the breach, rather than the duty, element of our duty-risk analysis.

*Broussard*, 2012-1238, p. 12, 113 So.3d at 185 (footnote omitted). The fact-finder, employing the risk-utility balancing test, therefore determines "which risks are unreasonable and whether those risks pose an open and obvious hazard." *Id*.

Thus, while whether a duty is owed is question of law, because *Broussard* provides that the open and obviousness of a condition is a factor in the risk-utility inquiry, which is more appropriately classified as a determination of whether a defendant has breached a duty, rather than a duty owed, whether or not the high temperature in the SUNO building was open and obvious to everyone is arguably an issue for the trier of fact to decide.[5]

---

[5] Moreover, this Court has been unable to find cases that disposed of the open and obviousness of a condition on an exception of no cause of action. The cases which address the open and obvious doctrine were either decided after a trial on the merits or on a motion for summary

In sum, the petition alleges facts sufficient to demonstrate that the law affords Plaintiffs a remedy. As discussed above, an exception of no cause of action should be granted only when it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. *See An Erny Girl, L.L.C.,* 2018-0360, p. 6, 257 So.3d at 21. In their petition, Plaintiffs identify Defendant as the owner of the building; claims that SUNO staff advised Plaintiff that the air conditioning issue would be resolved and that they were safe to enter the facility; enumerates the ways Defendant failed to exercise reasonable care; and claims that Defendant's negligence was the cause of Mrs. George's accident and Plaintiffs' injuries.

While generally no duty is owed if the defect is open and obvious, the standard for granting an exception of no cause of action is not the likelihood that the plaintiff will prevail at trial. *Doe*, 2005-0653, p. 2, 913 So.2d at 141. Rather, it is whether, accepting as true all its allegations, and with every doubt resolved in the plaintiff's behalf, the petition states any valid cause of action for relief. *Id*. The petition, as amended, is sufficient to allege a cause of action for negligence and/or

---

judgment. *See Robertson v. Kearney Cos, Inc.*, 2020-0605, p. 9 (La. App. 4 Cir. 3/25/21), 315 So.3d 931, 938 (affirming judgment granting a motion for summary judgment and finding that the hole in asphalt was open and obvious); *Bercy,* 2020-0583, p. 8, 315 So.3d at 348 (reversing the trial court's grant of summary judgment where a material issue of fact existed as to whether the defective condition of stairs was open and obvious); *Jones,* 2016-0329, p. 26, 203 So.3d at 400 (reversing the granting of the motion for summary judgment and finding that the defendants failed to establish that the unfinished, unlit, wet attic was open and obvious); *Rodriguez*, 2014-1725, p. 1, 152 So.3d at 872 (reversing the trial court and granting a motion for summary judgment, finding the shopping cart that the patron tripped over was open and obvious); *Broussard*, 2012-1238, p. 26 (La. 4/5/13), 113 So.3d at 194 (reviewing judgment after jury trial and affirming the jury's finding that an offset between the elevator and floor was not open and obvious to all); *Jimenez v. Omni Royal Orleans Hotel,* 2010-1647, p. 2 (La. App. 4 Cir. 5/18/11), 66 So.3d 528, 530 (finding the trial judge was not clearly wrong in concluding that a manhole was open and obvious to all and determining the hotel was not at a fault); *Woods v. Winn-Dixie Montgomery, L.L.C.*, 2017-707, pp. 7-8 (La. App. 5 Cir. 6/27/18), 251 So.3d 675, 682 (addressing the open and obvious doctrine after trial on the merits in the context of jury instructions).

premises liability against Defendants. The trial court erred in granting the exception of no cause of action and dismissing the claims against Defendant with prejudice.

## CONCLUSION

For the foregoing reasons, we reverse the trial court's judgment granting Defendant's exception of no cause of action and dismissing Plaintiffs' claims against it with prejudice. We remand the matter to the trial court for further proceedings.

**REVERSED AND REMANDED**